JOHN D. SAVAGE *v.* LUTHER C. CHALLISS *et al.*

*Error from Atchison County.*

An order of reference is not a final order within sec. 524, civil code [Comp. L., 215], nor does it determine the action or prevent a judgment, nor is it an order made in a special proceeding; and though it may affect a substantial right, it is not an order involving the merits of the action within the meaning of the act of——, 1865 [L., 1865, p. 130], and cannot, therefore, be reviewed by the Supreme Court, especially not until after final judgment.

An order of reference is intended for the finding of the issues of the case, and a submission of such findings to the court, subject, however, to exception and review; and the report stands as the verdict of a jury, in case the reference is of the issues of fact alone, or as the decision of the court, where the reference is of all the issues, and on the report final judgment may be entered if no good ground of objection appears. The conduct of the trial is not changed by a reference. [Civil Code, ¿ 294, Comp. L., 173.]

Where an answer was filed December 23, 1866, and the reply thereto January 22, 1867, and the case continued from time to time until November 11, 1867, when the plaintiff moved to strike from the answer certain defenses specified—1st, as irrelevant and redundant matter; and 2d, as not constituting a defense;

*Held,* that irrelevant and redundant matter, if struck out of a pleading, under sec. 128, civil code, must be at the instance of the party who might be prejudiced thereby, and on motion made at the first opportunity, or he will be deemed to have waived the right.

*Held* that it is too late, after reply filed, to move to strike from the answer.

That a count "does not set forth facts constituting a defense," is not a ground for striking matter from an answer.

This action was brought August 29th, 1866, by plaintiff in error, against defendants in error, on a note and mortgage for $24,000, made by defendant, Challiss, to defendant, Hamilton, which were alleged to have

been transferred to plaintiff for value before maturity. Challiss filed his answer December 23, 1866, containing as defenses, averments, growing out of a copartnership and transactions transpiring between himself and his co-defendant, before the transfer of the note and mortgage. To this answer plaintiff replied, January 27th, 1867. The case was continued from term to term, during which interval testimony was taken by both parties, and orders in the case made by the court. On November 11th, 1867, plaintiff, without first obtaining leave to withdraw his reply, moved to strike from the answer the counts relating to transactions between Challiss and Hamilton. The motion was overruled, and exceptions preserved. At the same term defendant, Challiss, filed a motion for a reference of the issues in the case, which was ordered, and exceptions of the plaintiff preserved.

*Ingalls* and *Foster*, for plaintiff in error.

*Otis & Glick*, for defendant, Challiss.

*Ingalls* and *Foster* submitted :

1. Error lies upon the order to refer. *a.* It was an order affecting a substantial right in the action, and in effect determining the action, and preventing a judgment according to the law of the land, and consequently comes under a definition of a final order. (*Civ. Code*, §§ 524, 526.) It was also an order involving the merits of the action, or some part thereof. (*Amend. Code*, *L.* '65, 130 ; 13 *How.*, 346 ; 6 *Hill*, 373 ; 13 *How. Pr.*, 346.) *b.* Issues of fact arose in the action at bar, upon which plaintiff was entitled to a trial by jury, under

the code, as whether the note and mortgage were transferred before maturity, the good faith of the transaction, and the partnership alleged by Challiss to exist between himself and Hamilton. (*Civ. Code*, § 274, *2d clause;* 6 *Wend.*, 503; 25 *id.*, 687.) *c.* Plaintiff had a constitutional right to a trial by jury upon all issues which would have been so triable at the time of the adoption of the constitution. (*Const. Kas.*, *Bill Rts.*, § 5; *Sedw. Con. & Stat. L.*, 547–8; *Work* v. *State*, 21 *O. S.*, 296.) *d.* The compulsory order of reference deprived plaintiff of this constitutional right. The order was made under the 293d section of the code, which is an attempted legislative substitute for the constitutional guaranty of trial by jury, and, being in conflict with that provision, is void. *Sedg. Con. & Stat. L.*, 542, *et seq.; Carson* v. *Commnwlth., A. K. Marsh*, 290; *Work* v. *State*, 21 *O. S.*, 296; *U. S.* v. *Rathbone*, 2 *Paine C. C.*, 578; *Beekman* v. *S. & S. R. R. Co.*, 3 *Paige C. R.*, 45–75.

2. The necessity of examining accounts upon which the motion was based, depended upon the decision of other issues of fact in the action, *eg.*, whether the transfer of the note and mortgage was *bona fide*, before maturity, for value, and whether there was a partnership. *Graham* v. *Golding*, 7 *How. Pr.*, 260; *McCullough* v. *Brodie*, 13 *How. Pr.*, 346; *Van Ranselaer* v. *Jewett*, 6 *Hill*, 373; *Keeler* v. *Plank Road Co.*, 10 *How. Pr.*, 11; *Stevenson* v. *Buxton*, 15 *Abb. Pr.*, 352; *Levy* v. *Brook. Fire Ins. Co.*, 25 *Wend.*, 687; *Silmsen* v. *Redfield*, 19 *Wend.*, 21; *Freeman* v. *Conn. Mutual Fire Ins. Co.*, 13 *Abb. Pr.*, 124; *Cameron* v. *Freeman*, 19 *Abb. Pr.*, 333; *Dedrich's Heirs* v. *Richley*, 19 *Wend.*, 108; *Dewey* v. *Field*, 13 *How. Pr.*, 437; *Sheldon* v. *Wood*, 1 *Code R.*, 110.

3. *a.* Error lies from the refusal of the court to strike from the answer of defendant, Challiss, the matter alleged to be irrelevant and redundant. It affected a substantial right of the plaintiff in the action, and was also equivalent to a demurrer to sufficiency of facts, which is never waived, and may be taken advantage of at any time. (*Civ. Code,* § 98 ; *Amend. Code, L.* '65, 130 ; 8 *How.,* 159 ; 2 *Duer,* 650 ; *Plank Road Co.* v. *Wetzel,* 6 *How.,* 69, 70 ; *St. John* v. *St. John,* 11 *Ves., jr.,* 526 ; 5 *How.,* 55, 470.) *b.* Ability to demur does not preclude the right to move to strike for irrelevancy and redundancy. (*Lee Bank* v. *Kitching,* 11 *Abb. Pr.,* 435.) *c.* The motion to strike is a summary demurrer, authorized by the code, and should be decided on the same principles. (*Stewart* v. *Bouton, Code R. N. S.,* 404.) *d.* It cannot be argued that the rights of this plaintiff would not be prejudiced by determination of the controversy between Challiss and Hamilton. It subjects him to indefinite delay; to protracted litigation ; to liability for fees and costs ; to the possible depreciation of the mortgaged property ; to the payment of taxes, and the procrastination of all his rights in the subject matter of the action.

*Otis & Glick,* for defendant, Challiss, submitted :

1. The orders sought to be reversed are interlocutory orders, and cannot be reviewed until after final judgment. (*L.* '65, *p.* 130 ; *Comp. L.,* 233, § 4.) To be reviewed, the order must involve the merits of an action, and in effect determine it.

A motion to strike redundant matter cannot do this. The legal sufficiency of a pleading cannot be thus tested. (*Nash's Pl.,* 93, 121.) A motion to refer,

decided either way, determines nothing. (*Carr v. State*, 1 *Kans.*, 335 ; 6 *Ohio S.*, 199 ; *Kirby* v. *State*, 3 *id.*, 508 ; *Wright's R.*, 420 ; *Nash's Pl.*, 679, 680.) The law of 1865 (*L.* '65, *p.* 130) did not contemplate a review before judgment. It only enlarges the class of orders that can be reviewed after final judgment. No stay of proceedings is provided, during the pendency of proceedings, to review interlocutory orders. *Civ. Code*, § 531.

2. Two terms of court, at which various orders were made in the case, intervened between the filing of the reply and making the motion to strike matter from the answer, during which both parties took testimony relative to the issues as then made up. The motion was too late. (*Seney's Code*, 158, *notes* 13, 14, 20 ; *Nash's Pl.*, 122 ; *Swan's Pl.*, 168 ; *Comp. L.*, 144, § 128.) The filing of the reply was a waiver of the right to make the motion. *Comp. L.*, 140, § 98.

The matter objected to in the answer was material to the defense. (*Nash's Pl.*, 122, § 3 ; 4 *Paige's Ch.*, 473 [*Buloid* v. *Miller*].) The motion was properly overruled, taking the answer as a whole.

4. The sufficiency of the answer cannot be tested by motion. *Swan's Pl.*, 218 ; *Nash's Pl.*, 93 ; *How. N. Y. Code*, 269 ; 6 *How. Pr. R.*, 353, 358 ; 4 *How. Pr.*, 68 ; 6 *Ind.*, 219.

5. The affidavits filed to sustain the motion to refer, are no part of the record. The merits of that order can, then, in no wise be inquired into. (*Bachus* v. *Clarke*, 1 *Kans.*, 308 ; *Comp. L.*, 189, § 402.) They will be presumed to have been sufficient.

*By the Court,* SAFFORD, J.

In this case there has, as yet, been no final trial and judgment, but it stands for hearing upon an order of reference, made by the court below upon motion of defendant, Challiss, and, as it is claimed, in pursuance of article 4, chapter 2, title 9, of the civil code. The plaintiff, here and below, objected to such reference, and now seeks to have this court vacate the order making it. We are of the opinion that this order, even if it were erroneous, is not a matter for review, at least until a final judgment has been reached in this case. It does not come within the definition of a final order, as laid down in section 524 of the code. It may be an order affecting a substantial right of the plaintiff, but it most certainly does not determine his action, or prevent a judgment. Nor is it an order made in a special proceeding, or upon a summary application after judgment.

Neither is it an order involving the merits of the action, or any part thereof, as we understand the meaning of the phrase, or as it is used in the laws of 1865, page 130. All that is intended to be accomplished by such an order, is the finding of the issues of fact alone, or those of fact and of law, of the case in which it is made, and a submission thereof to the court, in the form of a report, subject, however, to exception and review. Such report, then, stands as the verdict of a jury, if the reference is to report the facts ; or as the decision of the court, if the reference is as to all the issues. And upon it judgment may be entered, if no good ground of objection appear. § 294, *Code Civ. Proc.*

Thus the order of reference in this case did not

affect the merits, as between the parties, but only provided ˙for an examination and report upon the issues, by a referee, instead of a court and jury. The conduct of the trial is not changed. *See* § 294, *before referred to.*

This order, then, being neither a final order nor one involving the merits of the action, nor any part thereof, we know of no provision of the code which authorizes us to review it, as in this proceeding it is sought to be done. This view also renders it unnecessary to notice several points made by counsel, as growing out of, or suggested by, the order of reference.

It is also claimed that the court below erred in overruling a motion made by plaintiff to strike out a large portion of the defendants' answer, upon the ground that such portion was irrelevant and redundant, and constituted no defense to plaintiff's cause of action.

Taking it for granted that the order refusing to strike out comes within the meaning of the provisions of the laws of 1865, p. 130, referred to, and that such an order may therefore be brought here for review, as the plaintiff has now done, we proceed to inquire whether it was, in fact, erroneous.

It seems that the issues in this case were made up by the filing of the pleadings, as follows :

Petition filed Aug. 29, 1866 ; answer of Charles K. Hamilton, one of the defendants, filed on the same day ; answer of Luther C. Challiss, the other defendant, filed on the 23d of December, 1866 ; reply of plaintiff filed on the 22d day of January, 1867.

The case thus made was then continued from time to time, until the 11th day of November, 1867, when the plaintiff made his motion to strike out, as follows, to wit : Plaintiff moves to strike from answer of defend-

ant Challiss's defenses, numbered fifth to fifteenth inclusive, on the following grounds :

1. That the matter contained in said defenses is redundant and irrelevant.

2. That the matter contained in said defenses does not constitute a legal or equitable defense to plaintiff's cause of action.

The code, § 128, gives the court power to strike out of any pleading, redundant and irrelevant matters, but not of its own motion. If done at all, it must be at the instance of the party who might be prejudiced thereby ; and such party should make his motion at the proper time, or he will be deemed to have waived his right so to do. For instance, if the matter objected to as irrelevant or redundant, be in the answer, as in this case, the plaintiff must be held to make his motion to strike out at the first opportunity. He cannot be permitted to file his reply, thus settling the issues in the case, so far as he is concerned, and afterwards, without withdrawing his reply, and for the first time, make his objection.

If he were allowed so to do, much confusion, as well as great and unnecessary inconvenience to the defendant, might be the result, by putting it out of his power to know what portion of his plea would stand until the trial was actually entered upon ; all of which might be avoided by the plaintiff's prompt objection. It may be said that it is through the fault of the party in whose pleading the objectionable matter is to be found, if uncertainty as to the issues, or other inconveniences arise thereby, after parties have their case prepared, and just as they are going to trial. This is, perhaps, true, but furnishes no great reason or excuse for laches in the other party.

The second paragraph of the plaintiff's motion is, as we think, unauthorized by the code, and even if true, affords no ground or reason for the result sought. However else an objection of this kind could be taken advantage of, it certainly cannot be by a motion to strike out.

Entertaining these views, we do not feel authorized to disturb the ruling complained of.

BAILEY, J., concurring.

KINGMAN, C. J., not sitting in this case.