## WILLIAM W. EASTMAN, *et al.*

### *vs.*

## THE ST. ANTHONY FALLS WATER POWER CO., *et. al.*

In 1867, the parties compromised and settled the matters in difference between them in this action, one consideration whereof on the part of the respondents was the compromise of the action, and the appellants' attorney filed in the clerk's office, a stipulation that " the subject matter " of the action "having been settled by and between the respective parties thereto, it is hereby stipulated that the said action may be and hereby is discontinued." *Held*, that as between the parties it was settled and taken out of court, so that no ground remained whereon either could take any step against the other therein.

A supplemental complaint must be for the same substantive cause of action as that set out in the original complaint. A complaint alleging that said settlement was made under a mutually mistaken belief as to the existence of facts, but for which, said settlement would not have been entered into, and praying that it might be abrogated, and for the relief demanded in the original complaint, states a new cause of action accruing since said settlement, and a motion for leave to file it as a supplemental complaint in said action, was rightly denied.

After the decision of the former appeal in this action, (re-

ported 12 *Minn.* 137,) the defendants answered the complaint. Afterwards, and on the 20th, May, 1867, the action was compromised, and the plaintiffs and the water power company executed mutual conveyances, as follows : The company, " for divers good and valuable considerations, and among them the compromise " of this action, granted to the plaintiffs the right to use a certain amount of water power, and to construct a tunnel, in order to make such grant available. The plaintiffs " in consideration of one dollar, and other valuable considerations," conveyed to the company all the water front and water privileges of the land described in the complaint, the injury to which by the company's dam was the foundation of this action, reserving to the plaintiffs the right to use the before mentioned water power, in the manner expressed in the grant from the company. On the 26th August, 1867, the following stipulation, entitled in the action and signed by the plaintiffs' attorney, was filed with the clerk of the district court for Hennepin county ;. " The subject-matter of the above entitled action having been settled by and between the respective parties thereto, it is hereby stipulated that the said action may be, and hereby is discontinued."

On the 5th February, 1870, the plaintiffs moved at special term of the district court for Hennepin county, upon notice, and the files and records in the action, and upon a proposed supplemental complaint, for leave to file such complaint.

The proposed supplemental complaint alleges the making of the compromise between the plaintiffs and the company, referring to the before mentioned conveyances as evidence of its terms. It further alleges that the grant of water power by the company was the only consideration from the company for the compromise, and for the conveyance made by the plaintiffs ; that the water power thus granted, could only be made available by the construction of the tunnel described in the grant; that

VOL. XVII.—6

at the date of the compromise both parties supposed such a tunnel to be feasible, but that the tunnel, which plaintiffs had begun to construct under the grant, was totally destroyed by natural causes, in the month of October, 1869, when the plaintiffs first learned that, owing to such natural causes, the construction of any such tunnel was, and ever will be, utterly impractible. The complaint thereupon prays that the compromise and conveyances may be set aside and annulled, and that the plaintiffs may have the relief in their original complaint prayed for.

The district court denied the motion, and from the order denying such motion, the plaintiffs appeal.

D. A. SECOMBE AND ALLIS, GILFILLAN & WILLIAMS, for Appellants.

BIGELOW & CLARK, for Respondents.

*By the Court.*—RIPLEY, CH. J.—Whether the proceedings of appellants' attorney would in any case amount to a dismissal of the action under *Gen. Stat.*, *ch.* 66, *sec.* 242, it is not necessary to determine.

Those proceedings, in connection with the statements of the proposed supplemental complaint, make it obvious that the parties meant to and did settle the suit, not that appellants should dismiss it under the statute.

Upon such a dismissal, defendants would be entitled to costs, but here, all matters of difference between them in said action had been settled. No ground remained whereon either could take any step against the other.

As between them the suit was taken out of court. This they had a perfect right to do so far as they themselves were concerned. They could not, of course thereby affect the rights of

Eastman et al. v. The St. Anthony Falls Water Power Co. et al.

others.  *Wood vs. N. W. Pres.  Ch. 7, Abb.. Pr. Rep.* 210, *note.* We think the district court was clearly right in denying the motion for leave to file said supplemental complaint.  It stated a new cause of action accruing after the settlement of the suit, viz: a cause of action to vacate the settlement because of mistake.  1 *Daniel Ch. Pr., p.* 670; 2 *Story Eq. Jur., s.* 15, 21 *a; Brookshank vs. Smith,* 2 *Yourge & Collier* 68; *Herenden vs. Ld. Annesley,* 2 *Sch. & Lefroy,* 637.  A supplemental complaint must be for the same substantive cause of action as that set out in the original complaint.  *Bardwell vs. Ames,* 22 *Pick.* 375; *Jaques vs. Hall,* 3 *Gray* 194; 3 *Dan. Ch. Pr.* 1594, *note.  McCollough vs. Colby,* 4 *Bosw.* 603.

If the appellants have the right to vacate this settlement, the use of the water power by defendants, which since said settlement has been lawful, may become unlawful and appellants entitled to relief in respect thereof.  It may be, too, that such relief should in part consist of the reinstatement of this suit, and allowing appellants to proceed therein.

But when the right to such relief can only arise upon an abrogation of such settlement for the cause in said supplemental complaint stated, to allow the appellants to proceed therein by filing this complaint, would be, in the language of the district court, to abrogate the settlement in advance.

Order affirmed