C. H. ARMSTEAD v. GEORGE B. NEPTUNE *et al.*

No. 8381.

ANSWER—*Demurrer*—*Subrogation.* It is improper to strike out an answer and cross-petition because the facts stated therein are insufficient to establish a cause for relief, the proper practice in such case being to demur; but the facts averred were sufficient to entitle the party to relief on the principle of subrogation, and the pleading would not have been demurrable.

*Error from Finney District Court.*

THE opinion herein, filed May 9, 1896, states the nature of the action and the material facts.

*A. J. Hoskinson*, for plaintiff in error.

*W. A. Frush*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. : Neptune, on September 27, 1890, commenced his action against Franklin Cartwright and wife to forclose a bond for a deed on a quarter-

section of land.   He made Armstead and Frush parties defendant, as claiming some interest.   The Cartwrights were in default.   Frush filed an answer and cross-petition, alleging in substance that on September 23, 1887, the Cartwrights being the owners of said land, free and clear of all incumbrances except an equitable lien in his favor, he commenced an action in said district court against the Cartwrights claiming such equitable lien, and upon personal service and appearance of the Cartwrights he afterward, on July 24, 1890, obtained a judgment against Franklin Cartwright for $2,117.51, which was decreed to be a first lien on said real property, and it was still in force, and that the claims of the other parties to the action were inferior to his lien.

Armstead filed an answer and cross-petition to the answer of Frush, stating that, in the spring of 1885, Franklin Cartwright and W. A. Frush entered into a copartnership for the purpose of buying and selling real estate under an agreement that such real estate should be held in the name of Cartwright; that on July 14, 1886, during the existence of said partnership, Cartwright purchased the quarter section of land for $2,300, and took the legal title thereto in his own name, with full power and authority to sell, incumber and convey the same as his own; that afterward, on August 16, 1886, Cartwright and wife mortgaged the land to J. F. Tallant to secure a note for $1,500, due five years after date, with interest at 12 per cent. per annum, which note was given for a loan of that amount; that the same became and was from the date thereof a valid and existing lien on said real estate against said W. A. Frush, as to any interest he had in said real property; that said mortgage was duly recorded, and it continued to be a valid and ex-

isting lien until December 3, 1887, when (said part-
nership still existing) Cartwright borrowed of him
(Armstead) the sum of $2,200, and executed his
promissory note to him (Armstead) for that amount,
due in two years, with interest, and, for the purpose
of securing the same, Cartwright and wife executed
their mortgage upon said land to him (Armstead),
and out of the money so borrowed the sum of $1,940
was used by Cartwright in paying off and satisfying
the mortgage held by Tallant, and the balance was
used by Cartwright in paying taxes upon said real
estate, and in erecting valuable and lasting improve-
ments thereon ; that Frush received the full benefit
of said loan and is estopped from denying the validity
of said mortgage ; and, further, that on December 13,
1889, he (Armstead) commenced an action in said
court against the Cartwrights and George B. Neptune
to recover judgment on said note of $2,200, and to
foreclose said mortgage, and on October 6, 1890, he
recovered a judgment against Franklin Cartwright
for $2,386.30 and a decree of foreclosure of said mort-
gage, and said judgment and decree still remained in
force, unreversed and unsatisfied in any part ; and,
further, at the time he loaned said $2,200 to Cart-
wright, and at the time he brought the foreclosure
suit, he had no knowledge that Frush claimed an in-
terest in said land.

Frush moved the court to strike out the answer and
cross-petition of Armstead, and on May 28, 1891, the
motion was sustained, and, Armstead declining further
to plead, judgment was rendered against him for costs.
The motion of Frush seems to have proceeded upon
the theory that the answer and cross-petition of Arm-
stead did not state facts sufficient to establish any
cause for relief.   It is never proper to strike out an

answer and cross-petition because of its insufficiency
alone. In such case it should be attacked by de-
murrer or answer. If, however, we should treat the
motion as a demurrer, still it ought not to have been
sustained. Frush cites section 81, civil code (¶ 4164,
Gen. Stat. 1889), and says that the mortgage to Arm-
stead, having been executed December 3, 1887, was
affected by the *lis pendens* of his suit, which was com-
menced September 23, 1887. The position of Frush
would be correct, except for the doctrine of subroga-
tion. Under the allegations made by Armstead, Tal-
lant held a mortgage for $1,500 and interest, which
was prior to the lien of Frush, and this was satisfied
out of the money loaned by Armstead to Cartwright.
Perhaps the answer and cross-petition of Armstead
should have directly averred that the money was bor-
rowed and used by Cartwright for the purpose of sat-
isfying the Tallant mortgage and paying the taxes
past due on the land, but we think the averments
of the pleading are substantially of this effect. The
doctrine of subrogation could apply only to the prior
mortgage and tax liens discharged out of the proceeds
of the Armstead mortgage, and not to the improve-
ments to be made afterward, but this is only a ques-
tion of amount, and does not affect the right of
Armstead to relief as to the prior liens discharged out
of the proceeds of the mortgage made to him. Arm-
stead does not appear to have been a mere volunteer
or intermeddler in discharging the prior liens, but he
did so at the instance of Cartwright, with the agree-
ment that he should have a mortgage upon the same
real estate for $2,200, which sum, although in excess
of the liens discharged, would yet be good up to their
amount and within the limit of $2,200. This court
has been liberal in the application of the doctrine of

48—56 KAS.

subrogation to such cases. (*Crippen v. Chappel*, 35 Kan. 495, 499, 500, and authorities cited; *Yaple v. Stephens*, 36 id. 680; *Bowling v. Garrett*, 49 id. 521, 522.)

Some claim is made by Frush that the answer of Armstead was a sham, but the record contains no evidence, and the case was disposed of upon the pleadings and the motion, and so we are not dealing with any disputed question of fact.

The judgment will be reversed, and the case remanded for further proceedings.

All the Justices concurring.