# NATIONAL BANK OF ANADARKO v. FIRST NAT. BANK OF ANADARKO.

No. 2558.   Opinion Filed June 19, 1913.

Rehearing Denied September 2, 1913.

(134 Pac. 866.)

1.   **PLEADING—Supplemental Petition—Right to File.** After judgment in plaintiff's favor has been rendered in an action, and after his rights under the issues presented have been adjudicated and determined in his favor, he is not permitted to file a supplemental amendment to his original petition, where the purpose of such supplemental petition is merely to join a new party as co-defendant in the original action solely upon facts which have arisen

since the beginning of the original action and which have not grown out of any of the issues involved in the original action, facts which neither strengthen nor throw additional light upon such action, have no relation thereto, but are wholly separate and distinct from, and independent of, any of the issues involved in the original action, and to sustain such pleading is error.

2. SAME—Requisites. The facts embodied in a supplemental petition under the Code must relate to the cause of action set forth in the original petition and must be in aid thereof. It is not proper to bring into a case by a supplemental petition new facts which have arisen since the action was commenced and which by themselves, if they are sufficient, constitute a new and independent cause of action, without reference to the facts alleged in the original pleading. In such case relief should be had by a new and independent action. Following the rule in **Swedish Am. Nat. Bk. v. Dickinson,** 6 N. D. 222, 69 N. W. 455, 49 L. R. A. 285.

(Syllabus by Harrison, C.)

*Error from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

Action by the First National Bank of Anadarko against Joe Conley and the National Bank of Anadarko. Judgment for plaintiff, and the defendant bank brings error. Reversed.

*C. H. Carswell,* for plaintiff in error.

*A. J. Morris,* for defendant in error.

Opinion by HARRISON, C. In February, 1906, the First National Bank of Anadarko began an action in the district court of Caddo county against Joseph Conley for an alleged balance due on a promissory note, and trial of the issues in such cause was had and judgment rendered in favor of plaintiff for the sum of $900. After the suit was filed, before judgment was rendered in such cause, plaintiff instituted garnishment proceedings against W. M. Plum and the National Bank of Anadarko. Within due time each garnishee answered, denying that it had any money or properties in its possession or under its control belonging to the principal defendant Conley. Whereupon plaintiff, the First National Bank, served notice upon the garnishees, Plum and the National Bank of Anadarko, that plaintiff elected to take issue as to the answer filed by the garnishees. It does

not appear from the record what action was taken or whether any action was ever taken on such issues. The notice that plaintiff elected to take issue with garnishee was served January 28, 1907. No further action was taken in the original cause until May, 1908, when a jury trial of the issues between the First National Bank and Conley was had in the original cause and a verdict rendered in favor of plaintiff in the sum of $900. In due time Conley filed motion for a new trial, which was never ruled upon. After obtaining this judgment against Conley, and without any reference to or action upon the motion for a new trial, plaintiff, the First National Bank, by leave of court, filed what is called a supplemental amendment to petition, by which the National Bank of Anadarko, plaintiff in error herein, was made a codefendant with Conley. In response to summons issued, the National Bank of Anadarko on June 3, 1908, appeared and filed motion to strike the supplemental petition for the reason that it was filed without an order of court; that it was filed without notice to defendant; that the original cause of action had already been adjudicated and settled prior to the filing of the supplemental; and that the supplemental petition failed to show any identity of interest between the original defendant, Joe Conley, and this defendant and the plaintiff, the First National Bank. The motion to strike was not ruled upon until June 8, 1909, when it was overruled, and the National Bank of Anadarko filed a demurrer on the ground that the supplemental petition failed to state facts sufficient to constitute a cause of action against defendant because of defect of parties defendant and because several causes of action were improperly joined. The demurrer was overruled and defendant given six days to answer. No further proceedings were had until May 3, 1910, when upon motion of plaintiff judgment by default for failure to answer was rendered against the National Bank of Anadarko for the sum of $1,008. On May 6, 1910, the National Bank of Anadarko filed motion to set aside the judgment on the ground that it had never been served with copy of the supplemental petition, and that, although it had searched the files and had asked plaintiff's attorney for a copy, it had never been able to procure one and

therefore had been unable to answer same, and on the further ground that it had a good and valid defense. On May 21, 1910, a hearing was had on said motion, testimony was offered by both sides, and the court took the matter under advisement until March 3, 1911, at which time the motion was overruled, and the National Bank of Anadarko appealed to this court upon eight assignments of error.

The case, however, presents an elementary principle of pleading which is decisive of the case, namely, Is a supplemental amendment to a petition allowable, where its purpose is to join a new party as codefendant in the original cause of action solely upon facts which have arisen since the beginning of the original action and which have not grown out of any of the issues involved in the action, facts which neither strengthen nor throw light upon such action, have no relation thereto, but are wholly separate and distinct from, and independent of, any of the issues involved in the original action, and where judgment has already been obtained in the original action? The same principle of pleading was involved in the case of *Swedish American National Bank v. Dickinson Co.*, 6 N. D. 222, 69 N. W. 455, and reported in 49 L. R. A. 285, where the question is fully and forcibly discussed and many authorities cited in support of the court's conclusions.

In that case the first and second paragraphs of the syllabus are as follows:

"1.  The facts embodied in a supplemental complaint under the Code must relate to the cause of action set forth in the original complaint and must be in aid thereof.

"2.  It is not proper to bring into a case, by supplemental complaint, new facts which have arisen since the action was commenced, and which by themselves constitute a new and independent cause of action, without reference to the facts alleged in the original pleading."

In *Prouty v. Lake Shore & M. S. R. Co.*, 85 N. Y. 272, quoted in the opinion, *supra,* the court said:

"The principle invoked by the appellant to sustain this theory is the well-established doctrine that the plaintiff cannot file a supplemental bill to introduce new facts which have occurred

since the filing of the original bill, and upon which a decree can be had without reference to the original bill, and in such case the original bill should be dismissed and a new one filed."

In *Eastman v. St. Anthony Falls Water Power Co.,* 17 Minn. 48 (Gil. 31), also quoted in *Swedish Am. Nat. Bank v. Dickinson, supra,* the court held:

"A supplemental complaint must be for the same substantive cause of action as that set out in the original complaint."

While this question has not been very frequently before the courts of this country, yet the authorities are in practical harmony that new facts which have arisen since the beginning of the original cause of action, though they may constitute a cause of action in themselves, yet if they have no relation to or are wholly separate and distinct from, and entirely independent of, the facts which constitute the cause of action in the original complaint, they cannot be set up by way of supplemental complaint.

In the case at bar the facts which constituted plaintiff's cause of action in the original petition were that defendant Conley owed plaintiff bank a balance due on a promissory note. The issue therein was whether Conley owed the balance claimed. In the supplemental petition the facts alleged were, in substance, that defendant National Bank of Anadarko had mortgage liens on enough of Conley's property to more than satisfy the debts due both banks and had refused to relinquish any of such property to plaintiff and refused to sell or assign its mortgage liens to plaintiff and, after judgment had been rendered in plaintiff's favor in the original action, had thus conspired with Conley to prevent plaintiff from collecting his debt. These facts bore no relation whatever to the issue as to whether Conley owed the balance claimed to be due on the note. That issue had already been tried and judgment rendered in plaintiff's favor. It was error, therefore, to allow plaintiff to supplement his original petition with the facts alleged in his supplemental pleading. If such facts were true and constituted a cause of action, they were the basis of an entirely new action presenting issues wholly separate and distinct from the issues involved in the original action.

The judgment should be reversed with directions to sustain the motion to strike from the files the supplemental amendment to the original petition.

By the Court: It is so ordered.