## HAILEY *et al.* v. BOWMAN.

No. 3143. Opinion Filed December 23, 1913.

(137 Pac. 722.)

1.  **PLEADING—Objection—Demurrer—Motion to Strike.** Where objections to a pleading or a portion of a pleading are based, not on any irregularity connected with its filing, nor on any matter pertaining merely to its form, but on its alleged insufficiency in matter of substance, the objection ought to be taken by demurrer, and not by motion to strike from the pleading the allegations attacked.

2.  **SAME—Petition—Sufficiency Against General Demurrer.** Where the separate paragraphs of a petition sufficiently state a cause of action for debt and mortgage foreclosure, and in addition thereto it is sought to recover attorney's fees as provided for in the mortgage sought to be foreclosed, a general demurrer to each of such paragraphs should be overruled.

3.  **APPEAL AND ERROR—Presentation Below—Review.** Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to and thereafter assigned in the motion for a new trial, and made a part of the record by means of case-made or bill of exceptions, will not be considered on review in this court.

(Syllabus by Sharp, C.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by W. W. Bowman against William E. Hailey and others. From judgment for plaintiff, defendants bring error. Affirmed.

*J. E. Whitehead,* for plaintiffs in error.

*E. L. Graves* and *W. E. Dunaway* (*C. M. Oakes* and *Wm. H. McNeal,* of counsel), for defendant in error.

Opinion by SHARP, C.  The first error assigned is based upon the court's action in overruling the defendants' motion to strike from the petition the first, second, and third counts thereof, paragraph 9 of the first count, and that portion of the third paragraph which seeks to recover attorney's fees.  This appeal is before us on a transcript of the record only, and without passing upon whether the motion to strike is a part of the record proper, and whether the foregoing questions may be raised upon such proceedings in error, we may say it is obvious that counsel have misconceived the purposes of a motion to strike.  Where objections to a pleading are based, not on any irregularity connected with its filing, nor on any matter pertaining merely to its form, but on its alleged insufficiency in matter of substance, the objection ought to be taken by demurrer, and not by motion to strike.  *First Nat. Bank v. Cochran,* 17 Okla. 538, 87 Pac. 855; *Finch v. Finch,* 10 Ohio St. 501; *Savage v. Challiss et al.,* 4 Kan. 319; *Armstead v. Neptune,* 56 Kan. 750, 44 Pac. 998.

On the same day that the motion to strike was overruled, defendants filed their demurrer, separately charging that neither the first, second, nor third counts of plaintiff's petition stated facts sufficient to constitute a cause of action against any of the defendants.  The objection to the sufficiency of the several counts, urged in this court, arises out of the fact that, in addition to a recovery on the several notes, plaintiff sought to recover attorney's fees, provided for by the real estate mortgage given to secure the payment of said notes.  The demurrers urged to the separate paragraphs of the petition, however, are general, and do not confine their attack to the allegations concerning attorney's fees, but charge in turn that the several counts failed to state facts sufficient to constitute a cause of action.  Where a general demurrer is filed to a petition as a whole, or to any paragraph thereof, if the pleading or the paragraph states a cause

of action entitling the pleader to some relief, a general demurrer should be overruled. *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817; *Hanenkratt v. Hamil,* 10 Okla. 219, 61 Pac. 1050; *Berry v. Geiser Mfg. Co.,* 15 Okla. 364, 85 Pac. 699; *Cockrell v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; *Emmerson v. Botkin,* 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; *Coody v. Coody et al.,* 39 Okla. 719, 136 Pac. 754.

The exact question was before the court in *Savage et al. v. Dinkler,* 12 Okla. 463, 72 Pac. 366. There it was held that a petition which stated a good cause of action for debt and foreclosure of a mechanic's lien, and in addition thereto it was sought to recover an attorney's fee, was not subject to a general demurrer, although the plaintiff was not entitled to recover such fee.

The several paragraphs of plaintiff's petition state a cause of action, and whether or not plaintiff asked a recovery for a larger amount than he was entitled to could not be reached by a general demurrer charging only that the several paragraphs failed to state a cause of action.

The appeal being prosecuted upon a transcript of the record, and not by case-made, the other assignments of error, consisting of motions passed upon by the trial court, including motion for a new trial, the court's rulings thereon, and exceptions taken, cannot be considered. Errors alleged to have occurred in the trial court, unless the same are excepted to and thereafter assigned in the motion for a new trial, and made a part of the record by means of a case-made or bill of exceptions, will not be considered on review in this court. *Muskogee Electric Traction Co. v. Reed,* 35 Okla. 334, 130 Pac. 157.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.