## ADAMS v. WEBB et al.

No. 12921—Opinion Filed March 4, 1924.

Rehearing Denied Nov. 25, 1924.

1. Pleading—Petition—Amendment — Supplemental Petition.

The filing of an amended petition before answer is an absolute right under Comp. Stat. 1921, sec. 315, but where such a pleading is challenged by motion to strike, the substance rather than the title of the pleading determines its right to be filed, and where an examination discloses that such amended petition sets up a cause of action which arose subsequent to the filing of the original petition, it will be construed to be a supplemental petition under Comp. Stat. 1921, sec. 323, rather than an amendment under section 315.

2. Appeal and Error—Appealable Orders — Action on Motion to Strike Pleading.

In such case the action of the trial court in striking such amended petition is not an appealable order, because, being in fact a supplemental instead of an amended petition, the original petition continues to perform its functions of presenting questions upon which issues may be joined by demurrer or answer. The action on the motion to strike is at most an error reviewable on appeal after final judgment on the merits.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by H. M. Adams against W. L. Webb and Charley W. Lenhart, for possession of certain premises and to quiet title. From an order striking plaintiff's amended petition from the files, plaintiff appeals. Remanded for further proceedings.

This action was commenced by the plaintiff April 28, 1921, by his filing a petition in the district court of Logan county in which he claims title and right of possession to lot 23 in block 37 in the town of Lockridge, basing his title upon a resale tax deed. After service of summons upon one of the defendants, and before any answer was filed, plaintiff, on May 20, 1921, filed an amended petition, of which filing he gave written notice to the attorney of record for the defendants. This amended petition did not adopt or refer to any of the allegations in the original petition but was complete in itself, and had attached thereto as an exhibit a curative deed intended to correct any formal defects existing in the original resale tax deed which was made an exhibit to the original petition. On May 23, the defendant Charley W. Lenhart, filed a general demurrer to the amended petition, but on June 17, 1921, by leave of court withdrew said demurrer and filed a motion to strike the amended petition from the files for the reason, as stated in said motion, "that the amendment set forth in said amended petition is based upon a new tax deed made, executed and delivered to the plaintiff by the county treasurer of said Logan county after the filing of this action and after the service of summons in this action upon this defendant, which new tax deed as set forth in said amended petition changes the issues in this action materially and to the prejudice of this defendant." On the same day the court entered its order sustaining the motion to strike the amended petition and this proceeding in error was commenced to review this action of the trial court.

H. M. Adams, for plaintiff in error.

John Adams, for defendant in error.

Opinion by LOGSDON, C. The only question presented by this proceeding is whether the trial court erred in sustaining the motion of the defendant to strike the amended petition of the plaintiff from the files of said cause.

By Comp. Stat. 1921, sec. 315, it is provided:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings, but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

This statute has been passed upon by this court, so, if the language of the statute itself were susceptible of two constructions, that which has been adopted in this state is well defined. In Willis et al. v. Cochran et al., 66 Okla. 257, 168 Pac. 658, it is said:

"Such right to amend is absolute and it is reversible error for the trial court to strike such amended petition from the files."

In Hocker v. Rackley, 90 Okla. 83, 216 Pac. 151, this court said:

"The right of plaintiff to amend his petition before answer is an absolute one, and the plaintiff may plead an additional cause of action relating to the same subject-matter."

It is thus seen that plaintiff had an absolute right to file an amended petition without leave of the court at any time before answer was filed. But was this pleading really an amended petition? It was based upon a curative tax deed issued to plaintiff subsequent to the filing of his original petition, and for the purpose of curing possible formal defects in the original deed. Comp. Stat. 1921, sec. 323, provides:

"Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case occurring after the former petition, answer or reply."

To file a supplemental petition leave of court is necessary, and the action of the court thereon is discretionary. Wade v. Gould, 8 Okla. 690, 59 Pac. 11; Reader v. Farriss, 49 Okla. 459, 153 Pac. 678. Whether such a pleading is amendatory or supplemental must be determined from its substance rather than from the title given it by the pleader. State ex rel. Morrison v. City of Muskogee. 70 Okla. 19, 172 Pac. 796.. Clearly it was the intention of plaintiff in filing the pleading which he did file to aid and strengthen the cause of action set forth in his original petition by stating facts arising since the commencement of the action. This constitutes it a supplemental petition. National Bank v. First Nat. Bank, 39 Okla. 225, 134 Pac. 866. After the action of the trial court in sustaining the motion to strike, the case stood as it did before the supplemental petition was filed. The case was not disposed of, but defendant should have been required to plead to the original petition either by demurrer or answer so that issues of law or of fact could be joined and determined.

It is insisted by defendant that the resale tax deed attached to plaintiff's amended petition is void upon its face, and for this

reason the order of the trial court striking such amended petition from the files is final. The language of Mr. Justice Sharp, in the case of Hailey et al. v. Bowman, 41 Okla. 294, 137 Pac. 722, is very apropos to this contention of the defendant, wherein he said :

"It is obvious that counsel have misconceived the purposes of a motion to strike. Where objections to a pleading are based, not on any irregularity connected with its filing, nor on any matter pertaining merely to its form, but on its alleged insufficiency in matter of substance, the objection ought to be taken by demurrer, and not by motion to strike. First Nat'l Bank v. Cochran, 17 Okla. 538, 87 Pac. 855; Finch v. Finch, 10 Ohio St. 501: Savage v. Challiss et al., 4 Kan. 319; Armstead v. Neptune, 56 Kan. 750, 44 Pac. 998."

The sufficiency or insufficiency of a petition to state a cause of action cannot be tested upon a motion to strike, under the above authorities, so that the sufficiency of the amended petition in this case to state a cause of action, or the sufficiency of the exhibit attached thereto to comply with the statutory requirements relative to tax deeds, are neither before this court in this proceeding.

For the reasons herein stated, this cause should be remanded to the trial court, with directions for further proceedings in conformity to law.

By the Court: It is so ordered.