**RAFFERTY et al. v. COLLINS et al.**

No. 21207. Opinion Filed Sept. 20, 1932.

Rehearing Denied Nov. 1, 1932.

Appeal from District Court, Payne County; Charles C. Smith, Judge.

Brown Moore and Guy L. Horton, for plaintiff in error.

John W. Whipple and C. C. Suman, for defendants in error.

RILEY, J. Defendants in error, herein referred to as plaintiffs, are the owners of 100 acres of land in Payne county, lying north in the bottom land along the north side of Cimarron river. The land is one-fourth mile wide and five-eighths of a mile long running north and south. Plaintiffs in error, herein referred to as defendants, own the land adjoining plaintiffs' on the north and west. Defendant Lyle owns the land adjoining that of plaintiffs on the west and defendant Lafferty owns the land adjoining plaintiffs' on the north, and also owns land adjoining defendant Lyle on the south.

Plaintiffs commenced this action to recover damages alleged to have been caused by defendants in constructing a drainage ditch across plaintiffs' land and diverting the water which would not naturally flow across their land into said drainage ditch,

and that in so doing the defendants constructed ditches and dykes over their own land so as to divert the water from their land into that of plaintiffs, and that by the construction of the drainage ditch across plaintiffs' land the greater portion thereof had been cut off from the house and barn on their land.

Defendants answered by general denial, and further specifically denied that they, at the time alleged in the petition, or any other time, without the knowledge or consent of the plaintiffs, committed a trespass upon their land by ditching the same. They further denied that plaintiffs had been damaged by the construction of the ditch and asserted the value of plaintiffs' land had been enhanced thereby. They further pleaded the statute of limitation.

The reply was a general and specific denial.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiffs, and defendants appeal. They have set up fourteen assignments of error. Only three are presented. All others will be treated as abandoned. The assignments presented are the 5th, 13th, and 14th.

The fifth assignment is that the court erred in giving instructions numbered 3, 5, 7, 10, 12, and 13. In their brief they complain only of instructions Nos. 12 and 13. They first complain of instruction No. 13, which is:

"You are further instructed, that the defendants have no right to enter plaintiffs' land to open a ditch, and in doing so they are trespassers and as such trespassers the law entitles plaintiffs to nominal damages for any acts done while trespassing, even if you should find no substantial damages done; and in this connection, you are instructed any arrangements that might have been made with the administrator of the father of these plaintiffs or with a tenant on the land, would give no right to an easement to enter plaintiffs' land and construct any open ditches thereon."

It is contended that this instruction is erroneous in that it assumes that defendants did enter upon the land of plaintiffs and constructed the ditch complained of, although this was specifically denied in the pleadings and evidence of defendants. This instruction, standing alone, might be objectionable, but when taken in connection with other instructions given by the court, it is not error.

The jury was told in other instructions that the burden was upon plaintiffs to prove the allegations with reference to the damages complained of by a preponderance of the evidence; that the jury should find by a preponderance of the evidence that the water was forced on plaintiffs' land to their damage by the defendants; that an extra amount of water was caused to flow upon plaintiffs' land by the digging of said ditch by defendants, and that same had been opened within two years prior to the commencement of the suit, before they could find for plaintiffs.

In other instructions the jury was plainly told that they must find from the evidence that the acts complained of were performed by defendants before a verdict could be returned for plaintiffs. The jury could not have been misled in the manner suggested by the first instruction quoted.

The other instruction complained of in the brief is No. 12, as follows:

"You are instructed that before a drainage ditch can be established that there must be filed an application setting forth the necessity, with a description of the proposed ditch, and the property affected thereby, in the office of the county clerk praying for the county commissioners to authorize the establishment of such ditch in the manner required by law and a hearing had thereon and viewers appointed before the commissioners can authorize the establishment of a ditch, and in this connection, you are instructed that any act of Union township in diverting the water by construction of culverts and dykes would be no defense for these defendants in this case if they in anywise participated in diverting water, together with a diversion caused by Union township, in increased quantities across plaintiffs' land."

Defendants contend that this instruction is reversible error upon the ground that it also assumes that defendants opened the ditch, and further because it instructs the jury upon a material issue not raised by the pleadings.

Neither contention is tenable. The jury was plainly told that any act of Union township in diverting the water would be no defense for these defendants in case they in anywise participated in diverting the water.

It is contended that there was no issue raised by the pleadings with reference to the establishment of a drainage ditch by the county commissioners, and that there were no grounds whatever for giving the first part of the instruction. It is true that there was no allegation in the pleadings with reference to the establishment of a drainage ditch by the county commissioners, but defendants did contend at the trial that whatever they

did in connection with the opening of the drainage ditch was under the direction of Union township, or the road supervisor of that township. In fact they contended that the township opened the ditch across plaintiffs' land and they had nothing whatever to do with it. On this point the evidence was in conflict. That part of the instruction complained of merely told the jury that the township had no power to create a drainage district and invade the property of plaintiffs in order to carry out their plan of drainage thereon. And incidentally told the jury that the only way a drainage district could be lawfully created was through and by the board of county commissioners and in the manner provided by law. In view of the whole record, the instruction was not reversible error.

Assignment No. 14 is that the court erred in limiting the number of witnesses offered by defendants on a material issue, viz., whether there was a natural water course across plaintiffs' land substantially where the ditch was alleged to have been constructed.

This assignment is not well taken for two reasons: First, the record discloses that the court, in effect, told defendants that if they insisted upon presenting every witness whose testimony the court considered cumulative he would decline to permit the jury to view the premises, whereupon defendants apparently chose to have the jury view the premises rather than defend upon the testimony of additional witnesses, and in effect acquiesced in the ruling of the court in limiting the number of witnesses in order that the jury might be permitted to view the premises. That part of the record upon which the assignment is based is:

"By Mr. Moore: I have three or four more witnesses on this water course; I would like to put them on. By the Court: What would be the use? It is all cumulative. What would be the use if you are going to let the jury look at it? Exceptions allowed. By Mr. Moore: Well, then, the defendants rest."

It does not show that defendants objected to the ruling of the court, but by inference it shows that they acquiesced therein. The exception seems to have been allowed, although no objection had been made to the ruling and no exception was requested.

At page 143 of the record the court indicated that it would decline to permit the jury to view the premises if defendants insisted on calling "more cumulative witnesses" on this point, and told defendants

they could have their choice. The record, page 168, shows that the jury was taken to the premises and viewed same.

Second, this question was not presented in any manner to the trial court in the motion for new trial. No general ground of alleged error occurring at the trial and excepted to at the time by defendants was set up in the motion for new trial, nor was the question of limitation of the number of witnesses specifically set up as a ground for new trial.

"Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to and thereafter assigned in the motion for a new trial, and made a part of the record by means of case-made or bill of exceptions, will not be considered on review." Hailey v. Bowman, 41 Okla. 294, 137 P. 722.

This rule has been stated by this court in at least 45 other cases. Oklahoma Civ. Dig., vol. 1, p. 98. It should be considered as well settled by this time.

The other assignment presented in the brief is that the verdict of the jury is excessive. Under this assignment defendants seek to raise the question of alleged error in the instructions which in effect told the jury that if they should find by a preponderance of the evidence that plaintiffs' land had been permanently damaged by the acts of defendants in causing the construction of the ditch, together with increasing the quantity of water to flow over plaintiffs' land by digging ditches on their own premises and diverting its natural flow across plaintiffs' land, the measure of plaintiffs' damages would be the difference in value of plaintiffs' farm before said ditches were constructed and its value after the construction of such ditches. That is on the theory that the damage was permanent. Defendants, to sustain their assignment, point out a portion of the testimony of one witness which tended to show that the damage, if any, was temporary and not permanent. Defendants by their own witnesses and by cross-examination of plaintiffs' witnesses sought to show, and did show by all but the one, that the drainage ditches constructed were of a permanent nature. It was so shown by divers witnesses, by the examination of the witnesses by plaintiffs' counsel and emphasized and made clear by defendants' counsel. It was the theory of both parties. Defendants sought to show that there was a permanent improvement and enhancement of the value of plaintiffs' land. There was no error in the instruction complained of in this assign-

ment. There was abundant evidence reasonably tending to support the verdict of the jury as to amount of damages.

The judgment should be and is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.