## PLEASANT v. ALLEN BROS.

No. 26095. July 13, 1937.

Holcombe, Lohman & Barney and H. R. Duncan, for plaintiff in eror.

John W. Tillman and Fred A. Tillman, for defendants in eror.

WELCH, J. The defendant in the trial court has appealed from an order denying his petition for new trial, upon grounds of newly discovered evidence filed under the provisions of section 402, O. S. 1931.

Judgment was rendered against the defendant on February 23, 1932. He promptly perfected an appeal therefrom to this court, which appeal was dismissed by reason of appellant's failure to file briefs. On December 13, 1933, the mandate of this court dismissing such appeal was spread of record in the trial court. Thereafter, on February 17, 1934, the defendant filed his petition for new trial, the denial of which is the subject of the present appeal.

It is first urged that the attack made in the trial court upon the petition was by motion, when the same should have been by demurrer. The defendant asserts error in that regard, relying upon Parker v.

Lynch, 7 Okla. 631, 56 P. 1082; First National Bank of Pond Creek v. Cochran, 17 Okla. 538, 87 P. 855; Dardenne v. Daniels, 101 Okla. 201, 225 P. 152; Adams v. Webb, 104 Okla. 180, 230 P. 878; Burton v. Swanson, 142 Okla. 134, 285 P. 839; Hailey v. Bowman, 41 Okla. 294, 137 P. 722; Branson v. Reed, 167 Okla. 447, 30 P. (2d) 459, and Bradley v. Parkhurst, 20 Kan. 462, and certain statutory provisions.

The record discloses that the plaintiff's pleading attacked in this respect, although designated as "motion to dismiss," was in reality in the nature of a demurrer, and apparently was so treated by the trial court. The pleading was sufficient under section 252, O. S. 1931, which provides that errors or defects in pleadings or proceedings, which do not affect the substantial rights of the adverse party, must be disregarded.

The petition for new trial was attacked by plaintiff in the trial court, principally upon the theory that the same was not filed within one year after the final judgment was rendered. The trial court relied largely upon this theory in denying the same. The defendant now urges that the original judgment did not become final within the meaning of section 402, supra, until December 13, 1933, when the mandate of this court was spread of record in the trial court, and that the filing of his petition for new trial on February 17, 1934, was therefore within one year after the final judgment was rendered, as provided in such section. On the other hand, the plaintiff contends that the final judgment was rendered in 1932, and that, therefore, the petition for new trial under section 402, O. S. 1931, was not within the time limit provided in such section.

The contention that there was no final judgment within the meaning of section 402, supra, until the appeal therefrom was disposed of by this court, is clearly repudiated in Gilliland v. Bilby, 53 Okla. 309, 156 P. 299. We quote the syllabus therefrom as follows:

"Where a cause is reversed in this court, with instructions to enter judgment, and before the mandate is spread of record a motion for a new trial on the ground of newly discovered evidence is filed, which, on motion, was stricken, held no error, as the court was without jurisdiction to do other than enter judgment pursuant to the mandate, and that, if applicable at all, Rev. Laws 1910, sec. 5037, cannot be here invoked, for the reason that more than one year has expired since the rendition of the final judgment."

Therein judgment was rendered in the trial court in April, 1911 (see Bilby v. Gilliland, 41 Okla. 678, 137 P. 687); mandate upon appeal was filed in the trial court on April 11, 1914, and petition for new trial upon grounds of newly discovered evidence was filed on April 29, 1914, which was just 18 days from the date the final judgment was rendered, if we were to accept defendant's theory which he here urges. We do not agree with the defendant that the decision of this court in the Gilliland v. Bilby Case, supra, was based upon lack of jurisdiction of the trial court to entertain the motion because the mandate of this court had not been spread of record when the motion was filed. Although it may be said that the opinion there was based partially upon the general rule that the trial court must execute the mandate of this court, it cannot be denied that therein this court passed squarely upon the question herein urged by the defendant.

To the same effect is Wade v. Hope, 73 Okla. 289, 176 P. 402. There an appeal had been taken to this court from a judgment rendered in the lower court on October 15, 1915, the appeal was dismissed February 6, 1917, and petition for new trial was filed March 5, 1917. This court therein said:

"It therefore clearly appears that this petition for a new trial was not filed within one year, as provided by statute."

It is apparent that this court there did not consider that the time for filing the petition for new trial should be calculated from the date upon which the cause was disposed of on appeal.

In Clinton v. Miller, 96 Okla. 71, 216 P. 135, this court in rejecting the contention that the petition for new trial upon grounds of newly discovered evidence was sufficient in equity to withstand demurrer, said:

"It is first insisted by the plaintiffs that there was error in sustaining a demurrer because the petition showed such newly discovered evidence as in equity entitled plaintiffs therein to a new trial, and they cite the case of Roeser v. Pease, 37 Okla. 222, 131 P. 534. The case cited has no application to the instant case, because in that case the motion for a new trial on the ground of newly discovered evidence was filed within the statutory period, whereas in the case at bar the motion was filed more than one year after the judgment was rendered. The granting

520

of a new trial on the ground of newly discovered evidence is based entirely upon the statute, and must be filed within the time provided by section 576, Comp. Stats. 1921, which provides:

" 'No such petition shall be filed more than one year after the final judgment was rendered.' "

In that case an appeal had been taken from a judgment theretofore rendered in the trial court, and the same was affirmed on January 20, 1920 (see Clinton v. Miller, 96 Okla. 71, 216 P. 135). On February 6, 1920, petition for new trial was filed. It is clear that this court considered the final judgment as rendered prior to January 20, 1920, the date upon which the cause was finally disposed of on appeal. Paragraph 1 of the syllabus thereof is as follows:

"The granting of a new trial on the ground of newly discovered evidence is a statutory proceeding and must be filed within the time provided by section 576, Comp. Stat. 1921, to wit, within one year after the final judgment was rendered."

We think the opinions of this court must lead us to the conclusion herein, that it is the established law in this jurisdiction that section 402, O. S. 1931, prohibits the filing of a petition for rehearing upon the grounds of newly discovered evidence unless the same is filed within one year from the rendition of final judgment in the trial court, and not from the date of final disposition of an appeal to this court.

The defendant insists that when the appeal is taken to this court, the lower court loses jurisdiction, and, therefore, cannot entertain a motion or petition for new trial. He points out that at the time he discovered the new evidence he could not have filed motion for new trial, and for that reason the "final judgment" referred to in section 402, supra, should be construed to mean the final disposition of an appeal by this court, otherwise, the right of appeal or the right to apply for new trial provided by section 402 is lost. Therein the defendant is in error.

It is true that the trial court loses jurisdiction over all matters determined or affected by the judgment and original motion for new trial, from which the appeal is taken, and can take no action which would affect the rights of the parties thereby determined. Such is the general rule and is obviously correct. The trial court may not act adversely to the appellate court, but a petition for new trial upon the

grounds of newly discovered evidence is in the nature of a new and separate proceeding. It injects into the case new matter and presents new conditions and new questions of law and facts. The issues there presented may generally be inquired into by the trial court without in any manner affecting the questions presented upon the pending appeal. We have no doubt that the defendant here might have properly filed his petition in the trial court, and the same might have been properly acted upon by the trial court, while the issues presented by the appeal were receiving consideration by this court, without any conflict of jurisdiction, because the issues were different and because the right to new trial in such cases is given by statute.

Note the words of Justice Hardy in Carey Co. v. Vickers, 53 Okla. 569, 157 P. 299, as follows:

"Plaintiff in error, however, says that because on June 11, 1914, the trial court sustained its petition for a new trial, the time intervening between the date thereof and the filing of the mandate in the lower court should be deducted from the time in which it was allowed to prosecute its appeal from the order overruling the motion for a new trial. This contention cannot be sustained. The proceedings on the motion for a new trial and on the petition for a new trial are separate and distinct and present separate issues. Pierce v. Birkholm, 110 Cal. 669, 43 P. 205; Henry v. Merguire, 111 Cal. 1, 43 P. 387; Mountain Tunnel, etc., Co. v. Bryan, 111 Cal. 36, 43 P. 410; Etchas v. Orena, 121 Cal. 270, 53 P. 798. The issues on the motion for a new trial relate to rulings of the court made at and during the progress of the trial, and in order to have them reviewed it is necessary that a motion for new trial be presented to the trial court, and error assigned upon the order overruling the same. Meyer v. James, 29 Okla. 7, 115 P. 1016; St. L., I. M. & S. Ry. Co. v. Dyer, 36 Okla. 112, 128 P. 265; Perkins v. Perkins, 37 Okla. 693, 132 P. 1097; Board Co. Com'rs of Beaver County v. Langston, 41 Okla. 715, 139 P. 956.

"The petition for new trial upon grounds of newly discovered evidence presented only matters occurring subsequent to the trial and the rendition of the judgment, and did not affect proceedings occurring at the trial which were presented by the motion. When the court sustained the plaintiff in error's petition for a new trial and set aside the verdict and judgment, he did not set aside the order overruling the motion for a new trial, nor reexamine any of the alleged errors presented

thereby which occurred during the progress of the trial. These matters were not involved.

"An appeal will lie from an order overruling a motion for a new trial, even though no judgment be entered thereon. Roof v. Franks, 26 Okla. 392, 110 P. 1098; Phillips v. Oliver, ante, p. 168, 155 P. 586. Though an appeal be prosecuted from an order overruling a motion for a new trial, the pendency of such an appeal would not bar a petition for a new trial addressed to the trial court upon the ground of newly discovered evidence, and should such petition be presented and denied, an appeal might be prosecuted from the order thereon, and both appeals be pending at the same time, and each would present separate and distinct matters for review in the appellate court; and should the appeal from the order overruling the motion for a new trial be affirmed, the decision would not be conclusive upon the appeal from the order denying the petition for a new trial, and the order appealed from in the latter instance might be reversed, and a new trial awarded upon the ground of newly discovered evidence, even though the proceedings occurring at the trial be held free from error.

"So, should the petition for a new trial be granted by the trial court, the plaintiff in the judgment could prosecute an appeal therefrom, and this appeal might also be pending while defendant's appeal from the order overruling the motion for a new trial was undisposed of; and should the order granting a new trial upon the grounds of newly discovered evidence be reversed prior to the disposition of the appeal from the order overruling the motion, this would not preclude the court from reversing the case and granting a new trial for errors occurring at and during the progress of the trial. If it were not so, a decision in either case would be a bar to proceedings in the other, and a defeated litigant would have only one remedy. As it is, he may pursue either or both of these remedies. In the case at bar the plaintiff in error, although filing a motion for a new trial and serving its case-made within due time, chose to rely upon the order sustaining the petition for a new trial, and abandon the proceedings upon its motion for a new trial, and having elected to stake all its chances upon the order sustaining the petition for a new trial, cannot now say that it still has the right of appeal from the order denying the motion. The statute has fixed the time within which the petition in error must be filed, and the right to prosecute an appeal from the order overruling the motion not having been suspended, but at all times having existed, the court is without authority to extend the time, and therefore is without jurisdiction to hear and determine the appeal."

The remarks of the learned Justice in that case are abundantly supported by substantial authorities. See 4 C. J. S. 1099, paragraph 615, particularly, Chicago, St. L. & M. O. R. Co. v. Cypress Swamp Drainage District No. 2 (Ky.) 245 S. W. 516; McCann v. Gilmore (N. D.) 172 N. W. 236; Benner v. Kriegers Cleaners & Dyers, Inc. (Ohio App.) 175 N. E. 867; Duncan v. Allender (Ky.) 62 S. W. 851; Rice v. Blair (Ky.) 170 S. W. 657.

It appearing here that the petition for new trial was not filed within one year from the rendition of final judgment in the trial court, as provided by section 402, O. S. 1931, the trial court did not err in refusing same on jurisdictional grounds.

The judgment is affirmed.

OSBORN, C. J., and BUSBY, CORN, and GIBSON, JJ., concur. HURST, J., concurs in conclusion. BAYLESS, V. C. J., and RILEY and PHELPS, JJ., absent.