## CITY OF LAWTON v. JOHNSTONE.

No. 11937—Opinion Filed Oct. 9, 1923.

1. **Municipal Corporations—Damage Suits for Negligent Operations of Sewage Disposal Plant—Successive Recoveries.**

Where an action is brought against a municipal corporation for damages because the sewage disposal plant of such corporation has not been kept in repair, and because of negligent operation thereof, a recovery for injury resulting therefrom is not barred because of a former action and recovery, either for permanent injury because of the proximity of such sewage disposal plant to plaintiff's property, or for loss and inconvenience occasioned by such negligent operation through some other period than that complained of in the instant case.

2. **Same.**

Successive recoveries are authorized under the law, for damages accruing from time to time because of the failure of a municipal corporation to keep its sewage disposal plant in repair, and because of failure to operate the same in a proper manner.

3. **Same—Evidence—Exclusion of Pleadings and Verdict in Former Action.**

In the trial of a damage suit against a municipal corporation because of injury resulting from failure to keep in repair, and because of negligent operation of its sewage disposal plant, it is not error for the trial court to exclude from the evidence the petition, answer thereto, and verdict of the jury in a former action, either for permanent injury or for a continuing injury because of negligence running through another period than the one for which recovery is sought.

4. **Same — Judgment for Damages — Amount—Sufficiency of Evidence.**

Record examined, and held that the pleadings and evidence in the case authorize a recovery for plaintiff, and that the verdict and judgment are amply supported by the evidence as to the amount of recovery.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by Jennie B. Johnstone against the City of Lawton for damage resulting from failure to keep in repair and for negligent use of city sewage disposal plant. Judgment for plaintiff, and defendant brings error. Affirmed.

A. Burleson, City Attorney, W. C. Stevens, and J. H. Cline, for plaintiff in error.

Parmenter & Parmenter, for defendant in error.

Opinion by SHACKELFORD, C. This cause was tried to a jury in the district court of Comanche county, in June, 1920, resulting in a verdict and judgment in favor of the defendant in error, and the plaintiff in error appeals. The parties to this action will be referred to as they appeared in the trial court.

The plaintiff filed her action in the district court of Comanche county, on the 3rd of March, 1919, alleging in effect that for the two years next before commencing the action she was lawfully in possession of the N.E.¼ of section 5, twp. 1 N., range 1₁ W., in Comanche county, a quarter section of school land; and that she owned the improvements thereon of the value of approximately $12,000, and was lawfully in possession and using such land and improvements for farming purposes. That the said land and improvements constituted a fine farm, setting out the facts. That during all of said two years, the city of Lawton had maintained the end of its sewer pipe on lands adjoining said land, and emptying into Cache creek—

"from which at all times there flows a vast quantity of the vilest, filthiest, and most offensive sewage into said Cache creek, and thence it flows on and through plaintiff's land, creating and throwing off a stench that at all times makes the land uninhabitable, kills and destroys fish in the creek, makes water unfit for live stock, bathing, fishing and all other purposes, injures and destroys plaintiff's property, its convenience and usefulness * * *. That because of the offense and stench coming from said sewage, plaintiff has been compelled to and has lived off of said land a good portion of her time and in the city of Lawton, and especially is the atmosphere made offensive during the summer months.

"That the condition complained of can be remedied and removed by the use of

money and labor. That the sewage could be run further down the creek in the bed of the creek by pipes and the creek can be straightened out so as to cause a direct and quick flow down the stream and the sewage would not accumulate adjacent to the land in that event.

"That in addition to the matter and things heretofore complained about, plaintiff alleges that upon said land the city of Lawton has heretofore erected a sewage disposal tank and apparatus. That the same has been permitted to become and remain out of repair so that the sewage has neither been destroyed nor disposed of, but has been permitted to accumulate upon and around said sewage disposal tank until the same has become filthy and obnoxious, filling the air with sickening and unhealthy fumes and causing great annoyance and inconvenience to plaintiff, disfiguring the land and destroying the value of its use . That if said sewage disposal tank had been properly handled, kept clean and in repair, said conditions would not prevail and by proper care and expenditure of labor and money said sewage could be disposed of so that no harm would result to anyone."

Plaintiff fixes her damages at $1,500, value of the use and possession of the said land, and $4,000 for annoyance and inconvenience, and further alleges that she had presented her claim to the city and same had been disallowed, and attaching a copy of the claim to her petition.

The defendant answered by general denial, and for further answer pleaded that the matter presented in plaintiff's petition was res judicata since in a former suit against defendant because of damages to her property she had recovered a judgment for damages, which had been paid.

The action resulting in the judgment which was pleaded in bar of plaintiff's recovery in the second suit, was filed in August, 1913. A copy of the petition, the answer thereto, and the verdict of the jury were made exhibits to the answer of the defendant in the second suit, the one now before us, and a plea made therein that the judgment in the former action had been paid, and that if the plaintiff had sustained an injury by reason of the things complained of, the same constituted a permanent injury and, the amount of damages was determined in the former action, and plaintiff had been fully compensated.

Upon the trial of the instant case, the defendant offered in evidence the original petition, the answer thereto, and the verdict of the jury, in the former case, and offered proof that the judgment entered upon the verdict had been paid off and discharged.

This offer was excluded by the trial court, and the ruling thereon is assigned as error.

No question is raised as to the sufficiency of the evidence on the part of the plaintiff. It seems that no exceptions were reserved to the instructions given by the court.

As we read this record, the question to be decided in this case is, Was the injury done plaintiff by reason of dumping the sewage upon plaintiff's property a permanent injury for which she has been compensated, or has the failure of the defendant to properly operate the sewage disposal plant created a new cause of action entitling her to a second recovery? An examination of the petition discloses that plaintiff does not complain in this action because of the construction of defendant's sewage disposal plant in proximity to her property. She does not even complain of faulty construction, but she seeks a recovery because defendant did not, during the time complained of, properly operate the plant. The plant was, no doubt, constructed for the purpose of rendering sewage innocuous and inoffensive, or at least to approximate that effect. Plaintiff's complaint is that the defendant has permitted the plant to get out of repair so that it does not properly function so as to accomplish the purpose intended and of which it is presumably capable. Her allegation in reference to the sewage disposal plant is:

"That the same has been permitted to become and remain out of repair so that the sewage has neither been destroyed nor disposed of, but has been permitted to accumulate upon and around said sewage disposal tank until the same has become filthy and obnoxious * * * but as a result of the failure of the defendant to properly take care of and dispose of said sewage the plaintiff has been damaged * * *."

In the first action, filed by the plaintiff, it appears that plaintiff sought to recover because defendant had unlawfully constructed the sewer in such proximity to her property as to destroy its usable value during the years of 1911 and 1912, and otherwise annoy her for that period. She did not claim to own the realty in either case, but in both cases claimed to be rightfully in possession and entitled to the use thereof, and to own the improvements thereon. She based her right to recover in both cases upon injury done her through a period next before the filing of the suit. Nothing appears from the original petition indicating that she was attempting to recover for permanent and prospective loss and injury. We find nothing in the first suit that would bar the second action or preclude a recovery because of the things complained of in the case now under

consideration. Having reached this conclusion it follows that the court did not err in excluding the petition of the plaintiff, the answer of the defendant and the verdict of the jury in the former case, from the evidence in the instant case.

In the trial of the case under consideration it was not even contended by the defendant that its sewage disposal plant had been properly operated, nor was it contended that the failure to properly operate it did not produce the condition of which plaintiff complained. Upon the part of the plaintiff the evidence was ample to sustain the conclusion that defendant's sewage disposal plant was out of repair, and was not properly operated, and that the condition of which plaintiff complained was the direct and proximate result thereof .

We have examined the instructions given by the court submitting the law of the case to the jury, and find them substantially correct, and have likewise examined the requests for instructions made by defendant and have concluded that the court did not deny the defendant any substantial right by refusing them.

There is ample evidence in the record to sustain the verdict and judgment for plaintiff, both as to her right of recovery and the amount of damages fixed therein.

There are some other contentions made by the defendant, all of which we have carefully examined, and have concluded that they do not merit serious consideration.

We think that under the pleadings and the evidence submitted, and under the authority of City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867, and City of Mangum v. Sunset Field, 73 Oklahoma, 174 Pac. 502, substantial justice has been done.

We recommend that the judgment of the trial court in favor of the plaintiff be affirmed.

By the Court: It is so ordered.