## TOWN OF DAVIS v. THOMASON.

No. 17408. Opinion Filed Feb. 7, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

**1. Appeal and Error—Review—Necessity for Prejudicial Error.**

A judgment of the trial court will not be disturbed on appeal upon errors of law unless it appears, from an examination of the entire record, including the instructions given and those requested and refused, that a miscarriage of justice has probably resulted or that a constitutional or substantial right of the complaining party has been violated.

**2. Limitation of Actions—Suit for Damages to Real Estate from Construction of Improvement.**

The bar of the statute of limitation is

set in motion to a cause of action for damages to or trespass upon real property caused by the construction of an improvement at the time it becomes obvious that the injury is a permanent one.

3. **Same—Action for Damages from Negligent Operation of Sewage Disposal Plant Within Two Years not Barred Though Plant in Operation More Than Two Years.**

Where an action is brought against a municipal corporation for damages on account of the negligent operation of its sewage disposal plant, and such acts of negligence are shown to have occurred within two years prior to the institution of said suit, a plea of the statute of limitations will not bar a recovery thereon, although it is shown that said disposal plant was installed more than two years prior to the institution of the action.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by Perry Thomason against the City of Davis. Judgment for plaintiff, and defendant appeals. Affirmed.

W. N. Lewis, for plaintiff in error.

Jess L. Pullen, for defendant in error.

PHELPS, J. Defendant in error filed his action in the district court of Murray county for damages against plaintiff in error caused by the negligence of plaintiff in error in the construction and operation of its septic tank in connection with its sewer system in proximity to the farm of defendant in error, and from the verdict of the jury and judgment in favor of defendant in error, plaintiff below, the town of Davis, prosecutes this appeal.

Counsel for plaintiff in error presents his assignments of error under three propositions, the first of which is that the court erred in refusing to give an instruction requested by plaintiff in error to the effect that defendant in error was not entitled to recover for damages or inconvenience suffered by the tenants of defendant in error. It appears that defendant in error had difficulty in keeping tenants upon his farm because of the noxious odors emanating from the sewer system, and testimony was offered to show that in the vicinity of the tenant house on the premises there were foul and noxious odors emanating from the sewer system or septic tank.

An examination of the record, however, shows that neither in the pleadings nor in the evidence was there any claim or offer to establish any damages suffered by the tenants, and since there was no claim made

for damages by or on behalf of the tenant and no evidence offered tending to prove any injury to or damages sustained by the tenants, we think the court committed no error in refusing to give the requested instructions. We here reannounce the rule laid down by this court in New v. Hughes, 80 Okla. 129, 194 Pac. 1071, holding that where from an examination of the entire record, including the instructions given and complained of and those requested and refused, no miscarriage of justice has resulted, this court, on appeal, will not disturb the verdict of the jury or the judgment rendered thereon.

The second and third propositions of plaintiff in error, combined, are that the injuries complained of depreciated the value of the land and are permanent and that, since the action was not commenced until more than two years after the completion of the sewer system, the action was barred by the statute of limitation. In the trial court the plaintiff based his right to recover, first, upon the grounds that the water from the sewer system escaping from the septic tank into a depression running through his land so percolated into and saturated the soil and made it so soft and boggy as to materially interfere with its cultivation; and secondly, that the septic tank was operated in such a manner as to allow the contents thereof to overflow into this depression, passing through plaintiff's land, creating vile and noxious odors which made residence upon the land uncomfortable, if not impossible.

It is contended by plaintiff in error that, the damages complained of being permanent in their nature, the action was barred under subdivision 3 of section 185, C. O. S. 1921, for the reason that it was not commenced until more than two years after the sewer system was completed. Doubtless the injury and damage to the land caused by the seepage of the water was permanent, but it appears that such permanent damage did not occur until two years after the completion of the sewer system. It took that length of time for the land to become saturated, and defendant in error claims that, as the sewer system was completed in April, 1921, and it took two years thereafter for the seepage to damage the land, and the suit being filed November 15, 1924, the cause of action was not barred. This contention is supported in the opinion of this court in City of Tulsa v. Grier, 114 Okla. 93, 243 Pac. 753, holding that the statute of limitation is set in motion at the time it becomes obvious that the injury to the real

property is permanent. Plaintiff in error relies upon City of Mangum v. Sun Set Field, 73 Okla. 11, 174 Pac. 501. That case differs materially from this one in that the injury complained of there was caused by the pollution of a running stream which was the source of the water supply for complainant's cattle, and it was there held that the injury occurred when the city began to empty its sewage into the stream.

It is contended by plaintiff in error that in the instant case no negligence in the operation of the septic tank is shown. With this contention we cannot agree. The record is replete with evidence showing that the solid matter from the septic tank had overflowed into the depression and stood in pools filled with maggots and emitting most nauseating odors. To be sure, there was evidence introduced showing how much sewage the tank would hold and that it had not been used to its capacity, but the physical facts of this overflow of sewage, which was not denied, are sufficient to show that the septic tank was a failure for the purpose for which it was intended, and to the detriment of defendant in error. Defendant in error was entitled to maintain the action under the rule laid down by this court in City of Lawton v. Johnstone, 92 Okla. 280, 219 Pac. 414, and the very recent case of City of Lawton v. Wilson, 127 Okla. 40, 259 Pac. 650.

Finding no errors in the trial of this cause, the judgment of the district court is affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1168, §3190; 2 R. C. L. 52 et seq.; 1 R. C. L. Supp. p. 376; 5 R. C. L. Supp. p. 67. (2) 37 C. J. p. 887, §251; anno. 30 A. L. R. 1190; 17 R. C. L. pp. 785, 786; 3 R. C. L. Supp. p. 732; 5 R. C. L. Supp. p. 958. (3) 37 C. J. p. 887, §251.