### CHICAGO, R. I. & P. RY. CO. v. KAHL.

No. 22369. June 26, 1934.

Rehearing Denied Sept. 11, 1934.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for plaintiff in error.

A. M. Reinwand, for defendant in error.

BAYLESS, J. This is an action for damages brought by H. C. Kahl, defendant in error, against the Chicago, Rock Island and Pacific Railway Company, plaintiff in error. Defendant in error alleges that he was the owner of 160 acres of land and the lessee of 60 acres more; that during the years of 1928 and 1929, due to the negligence of the plaintiff in error in the maintenance of an embankment, there was created an artificial channel whereby flood waters were diverted upon and over his lands, thereby damaging and destroying certain crops to the extent of $1,000, and causing permanent injury to his lands to the extent of $1,250. The answer of plaintiff in error was a general denial. Trial was had to a jury. Demurrers to the evidence of the defendant in error as well as motions for directed verdict in favor of plaintiff in error were overruled and denied. Verdict was returned in favor of the defendant in error for the sum of $800. From the judgment rendered by the court on the verdict, this appeal is prosecuted.

Plaintiff in error makes eight assignments of error, but they may be summed up in the following two decisive propositions: First. Whether the court erred in overruling the demurrer of plaintiff in error to the defendant in error's evidence and in denying motions for a directed verdict in favor of the plaintiff in error. Second. Whether the instructions given by the court constitute reversible error.

As we have stated, this action was predicated upon the negligence of plaintiff in error. Defendant in error was seeking to recover for loss and damage to crops and permanent injury done to his lands in the years of 1928 and 1929. The evidence shows that in the year 1928, the lands of the defendant in error were flooded by waters escaping through a barrow pit owned and maintained by plaintiff in error, and that particularly during the months of May and June of said year, he suffered loss and damage to certain of his crops and certain injuries to the land itself. The evidence shows that while the chief damage to the premises was done during the months of May and June, there were also other floods occurring during that year, and that practically the same thing happened again during the year of 1929. There was evidence offered as to the value of the crops destroyed each year, and also evidence as to the value of the land in 1928, immediately preceding the injury, and in 1929, immediately after the injury was completed. It is the contention of the plaintiff in error that since the injuries to the land occurred in two successive years, and that the defendant in error was contending that such injuries were permanent, therefore the doctrine of recurrent permanent injury should be adopted by us in deciding this case, but this rule wherever it has been adopted has been due to a confusion regarding the measure of damages based on permanent or temporary injury, and is not sound in principle. Such a rule would, in many instances, result in failure to secure damages or would result in a condition of reductio ad absurdum; for instance, if the flooding should be frequently repeated and the landowner permitted to recover each time a substantial damage because of the diminished value of the land, it might be that in a short time the aggregate sums recovered would equal or exceed the original cost of the property; and the landowner would still have the property. This rule, however, has never been adopted in this state, but, on the contrary, such injuries are classified as either temporary or permanent. As said in St. Louis & S. F. Ry. Co. v. Ramsey, 37 Okla. 448, 132 P. 478:

"* * * When a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent."

And as held in the case of City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867:

"For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damages as had accrued on account of the impaired or lost use of

his property up to the time of the commencement of his action. For injuries resulting from permanent cause, the owner may recover in a single action his entire damages, to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury."

And in Pulaski Oil Co. v. Edwards, 92 Okla. 56, 217 P. 876, where we said:

"* * * In the case of permanent injuries to property, the measure of damages is the difference between the value of the property immediately prior to the injury and the diminished value thereafter. * * *"

The contention of plaintiff in error. that the evidence of the defendant in error was insufficient to go to the jury on the question of permanent damages for the reason that injuries were recurrent being unsupported, we conclude that the court properly overruled the demurrers to the evidence and denied the motions to direct a verdict both generally and specifically. As we have said in Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 214 P. 907:

"It is only where there is no evidence introduced at the trial of a cause, reasonably tending to establish the allegations of plaintiff's petition, that the court is justified in sustaining a demurrer to such evidence and rendering judgment in favor of the defendant."

And in the case of Myers v. Chamness, 114 Okla. 220, 245 P. 879, where we held:

"The same rules obtain in the direction of a verdict as obtain on a demurrer to the evidence."

It is the further contention of plaintiff in error that the court misdirected the jury in the giving of instructions Nos. 3 and 4. The vice alleged to exist in instruction No. 3 is that the wording of such instruction is so that it might be construed to instruct the jury upon the theory of permanent damages done to the lands of defendant in error on account of negligence of plaintiff in error in the construction of the bridge and embankment described in the petition of defendant in error. While this instruction is not a model and when critically examined might lend some support to the contention of plaintiff in error in this respect, yet it is our opinion that this instruction, when taken in connection with the other instructions given by the court, was not misleading and could not have confused the jury in arriving at their verdict. We have said in Rafferty v. Collins, 160 Okla. 63, 15 P. (2d) 600:

"In a law action instructions given by the trial court must be considered as a whole. An instruction which when standing alone would seem to assume the existence of a controverted fact in issue is not erroneous when considered with other instructions which tell the jury that before a verdict can be found for plaintiff they must find from a preponderance of the evidence the existence of such controverted fact."

The contention of plaintiff in error in regard to instruction No. 4 is that the same is erroneous in that it permitted the jury to determine the permanent injury done to the lands in the years 1928 and 1929, but as we have herein pointed out this was not error under the facts and circumstances disclosed by the evidence in this case. We have examined the instructions as a whole, and find that they fairly presented the issues to the jury, and that there is no fundamental error therein. We have also examined the record and find that the evidence was ample to support the verdict and judgment.

The defendant in error has asked for judgment on the supersedeas bond given by plaintiff in error in taking the appeal. It appears that this bond was made in the sum of $1,600 with National Surety Company, as surety. The bond is in the usual form and is incorporated in the case-made. It is conditioned to abide the judgment, pay the condemnation money, if the same is affirmed, and pay the costs. We are, therefore, of the opinion that the defendant in error is entitled to judgment against said surety in the sum of $800, the amount of the judgment, with 6 per cent. interest per annum from October 1, 1930, until paid, and all costs, and for which judgment is rendered.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.