## SHAWNEE NATIONAL BANK v. D. S. MISER & SON et al.

No. 23733. April 2, 1935.

W. L. Chapman and M. M. Chapman, for plaintiff in error.

George M. Nicholson and C. G. Moore, for defendants in error.

PHELPS, J. The parties will be referred to as they appeared in the trial court.

The defendants were engaged in the highway construction business and on March 14, 1930, they executed their promissory note in the sum of $2,520, payable to the First National Bank of Wanette, Okla., and promised to assign to said bank claims in the amount of $4,000 against their contract on a highway project in which they were then engaged. On March 19th the bank closed and a receiver was appointed to take over its affairs. On the day it closed, upon the importunities of certain officers of the Shawnee National Bank, plaintiff herein, the cashier of the First National Bank of Wanette assigned to the Shawnee National Bank certain papers held by the First National Bank of Wanette, including this note of defendants, to secure the Shawnee Na-

tional Bank against overdraft held by it against the First National Bank of Wanette. On April 15, 1930, the next day after the note fell due, the Shawnee National Bank brought suit against the defendants in the district court of McClain county, and garnisheed four banks, and the board of county commissioners of Oklahoma county, alleging in its "garnishment affidavit" that these five garnishees held money or property belonging to defendants. The garnishees all answered, stating that they were not indebted to the defendants, with the exception of one bank, which answered, stating that it held $11.40 belonging to defendants. This garnishment was dissolved upon motion of defendants and a finding of the court "that the statement made in the affidavit of the plaintiff to procure a garnishment summons in this case was untrue."

Defendants then filed their cross-petition against the plaintiff, alleging that they had been damaged in that said garnishment had destroyed their credit and made it impossible for them to finance their business or procure bonds, as required by law, in the pursuit of their contracting business, and prayed for damages, both actual and punitive. Before trial the plaintiff and the receiver of the First National Bank of Wanette made an adjustment of the differences between the two banks and the defendants' note was returned to the First National Bank of Wanette, and when the case was called for trial plaintiff dismissed its action against defendants and the trial proceeded upon the cross-petition of defendants against plaintiff with the burden resting upon the defendants. The trial resulted in a verdict of the jury awarding defendants $5,000 actual damages and a separate verdict awarding $1,250 punitive damages, and plaintiff appeals.

Counsel for plaintiff first urge that the trial court erred in overruling its demurrer to defendants' evidence. It requires but a glance at the record to reach the conclusion that this assignment of error is not well taken. The defendants testified that they had been able to make bonds for the faithful performance of their contracts in the highway construction business, that they had been able to finance their projects; that they had made a profit of about $15,000 a year for the preceding years, but that after these garnishments their credit was destroyed, they were unable to finance their contracts, were unable to give bond for their performance, that it was necessary for them to make contracts in the name of other per-

sons who could make the necessary bonds, and get other persons than the banks with which they had been doing business to finance them; and, in order to do this, it was necessary for them to divide the profits arising from their contracts. Also that they had been required to pay the sum of $250 attorney fees to have these garnishments dissolved. The agent of the bonding company who had been writing their bonds testified that after this litigation was started his company would not longer make their bonds. The demurrer to the evidence, in legal effect, admitted the truthfulness of this evidence. The defendants were entitled to every inference which the evidence, considered in the light most favorable to them, reasonably tended to prove. Walker v. McCray, 132 Okla. 18, 269 P. 279.

Under their assignments of error numbered 2 and 3 counsel for plaintiff in error complain of the admissibility of incompetent, irrelevant, and immaterial evidence and also erroneous instructions to the jury. We have accepted the invitation of counsel and have thoroughly examined the record, and while we cannot say that there were no errors in the admission of evidence offered, over the objection of plaintiff, we can say that, in our judgment, these were not prejudicial errors; that is. there were no errors that materially prejudiced the interests of plaintiff or errors that were calculated to seriously mislead the jury in reaching a verdict in accordance with substantial justice.

The same thing may be said about the instruction the court gave to the jury. We have also carefully examined this assignment of error and have reached the conclusion that the rule laid down in New v. Hughes, 80 Okla. 129, 194 P. 1071, and followed in Town of Davis v. Thomason, 130 Okla. 21, 264 P. 877, and many times since then reiterated by this court should prevail here.

In New v. Hughes, supra, in the second paragraph of the syllabus we used the following language:

"Where a judgment is rendered, and from an examination of the entire record it appears that the instructions to the jury complained of and requested instructions refused have probably not resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right, this court is powerless to reverse such judgment."

Plaintiff in error also complains of the rendition of judgment against it for exemplary damages. Section 9962, O. S. 1931, reads as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It will thus be seen that under the provisions of this statute, before defendants would be entitled to recover exemplary damages, they must show that the plaintiff "has been guilty of oppression, fraud. or malice, actual or presumed." To be sure, that is a question to be submitted to the jury under proper instruction. But before that question can be submitted to the jury, there must be competent evidence in the record as a basis therefor, and a careful examination of the evidence in the instant case fails, in our judgment, to show any evidence whatever upon which to base the court's instruction by which the jury was permitted to consider the question of exemplary damages.

When the suit was brought the note was due. If plaintiff was the owner of the note, it had a legal right to file suit. One of the defendants testified that when they gave the note they promised to make an assignment of a $4,000 interest in a road contract they had in Pottawatomie county. The evidence shows that they did not do this, but they did make assignments of several thousand dollars' interests in said contracts to other banks outside of Pottawatomie county. One of the defendants testified that they had on deposit in the First National Bank of Wanette when it closed more than enough money to pay this note and that on the day it was due he went to the bank to pay it, but the note was not there. It is also claimed that the plaintiff was not the bona fide owner of the note, but, as we view it, when all the facts are taken and considered together, placing upon them the interpretation most favorable to defendants, they fall far short of facts necessary to submit the question of exemplary damages to the jury.

It is, therefore, our conclusion that the judgment as to actual damages should be affirmed and the judgment as to exemplary damages should be reversed, and it is so ordered.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.