## CHICAGO, R. I. & P. R. CO. et al. v. ODOM.

No. 24627.   March 24, 1936.

Rehearing Denied Nov. 10, 1936.

**Bleakmore, Barry, Farmer & Lee,** for plaintiffs in error.

R. D. Howell and Anglin & Stevenson (F. E. Chappell, on the brief), for defendants in error.

PHELPS, J. On the morning of January 1, 1931, Bill Odom was driving an automobile in a northerly direction along Broadway street in the city of Holdenville. At the same time a gasoline motor passenger train, controlled by B. F. Mendenhall as engineer and belonging to the Chicago, Rock Island & Pacific Railway Company, was traveling in a westerly direction along the railway line of the company in the same city. The street crosses the railway. At the point of intersection the two vehicles collided. Each party now charges the other with responsibility for the collision.

On February 21, 1931, Bill Odom, as plaintiff, commenced this action in the district court of Hughes county to recover damages for alleged personal injuries to himself. The engineer and the railroad company were named as defendants in the action. The basis of plaintiff's action as presented in the second amended petition filed by him, upon which the case was tried, was the alleged negligence of defendant's engineer in failing to give a warning signal of the train's approach by ringing a bell or sounding a whistle, or to give any other adequate warning, and in approaching and traveling over the crossing at an unreasonable and excessive rate of speed and in failing to maintain a proper lookout in approaching the crossing.

The condition of the crossing was specific-ally described in plaintiff's petition as a circumstance which should govern the care necessary to be exercised by defendants in crossing the same. It was asserted in this connection that the plaintiff's view of the approaching train was, to the knowledge of defendants, obstructed by buildings and also by boxcars which were standing on parallel tracks immediately south of the track on which the train was traveling.

The defendants, in addition to a general denial, specifically denied negligence on their part and affirmatively asserted, in substance, that negligence on the part of plaintiff caused the collision, or was a contributing cause thereof. It was specifically alleged in this connection that the plaintiff negligently crossed the crossing with a windshield then covered with steam and frost and at a high and dangerous speed, and failing to heed warning signals given by the defendant engineer.

A reply in the nature of a general denial was filed. The cause was tried to a jury in the district court of Hughes county and resulted in a verdict and judgment in favor of the plaintiff in the sum of $5,000. Defendants bring the case to this court on appeal, appearing herein as plaintiffs in error. We shall continue to refer to the parties in the order of their appearance before the trial court.

In presenting their case to this court the defendants in their brief have grouped their various assignments of error under four different propositions, the first two of which relate to the scope of the pleadings and alleged error of the trial court in enlarging the issues beyond the issues framed by the pleadings. These complaints were argued from the standpoint of an amended petition filed in the trial court. The author of the brief apparently overlooked the fact that that petition had been superseded by a more complete second amended petition, upon which the case was ultimately tried. In a reply brief herein filed the defendants acknowledged their error in this respect and withdraw from our consideration the first two propositions. They state, however, in this latter brief that they wish to urge the third and fourth propositions as presented in the original brief. In examining the argument under these propositions, we find frequent allusions to an alleged variance between the pleading of the plaintiff and the instructions of the trial court. These statements refer to the amended petition, which was, as we have above observed, su-

perseded by the second amended petition. We take it that in so far as such statements are by error based upon a pleading upon which the case was not tried they too are intended to be withdrawn along with the first and second propositions.

The third proposition of defendants is that:

"It is improper for a trial court in its charge to the jury to either comment upon the weight and sufficiency of the evidence or to assume or state a material controverted fact or circumstance is established."

This contention is drawn in an abstract form and does not indicate the particular instruction at which it is aimed. However, in the argument presented under the instruction it is disclosed that it is leveled at instruction No. 18 of the court, which reads:

"You are therefore instructed that if you believe by a preponderance of the evidence that on the 1st day of January, 1931, the plaintiff was approaching the railroad crossing of the defendant in such way and manner and at the time and under the circumstances that an ordinarily prudent man would approach the same, **with due regard to the obstruction, consisting of buildings and boxcars, which prevented his seeing an approaching train, and that the defendant knowing of the conditions of said crossing failed to approach the same with its train as an ordinarily** prudent man would have done at the time under the same conditions and circumstances in that it failed to sound the whistle or ring the bell to give this plaintiff warning of said approach, and that the failure and negligence of the defendant in sounding said whistle and ringing said bell and the speed at which the train was moving was negligence as herein defined to you and that this negligence of the defendant was the direct and proximate cause of the collision which resulted in injury and damage to this plaintiff as charged in his petition, then in that event you should find for the plaintiff, fixing the amount of his recovery in any sum not to exceed the sum of $25,000, the amount sued for, unless you find that by the negligent act of the plaintiff at the time of the collision he too was guilty of contributory negligence which caused said injuries and damages, or contributed thereto." (Emphasis ours.)

The foregoing instruction of the trial court is said by the defendants to be objectionable in two respects. They say:

"First and foremost, the court assumed by such instruction that plaintiff's view was obstructed by boxcars, when that question was controverted"

—and

"Second. In submitting an issue not raised by the pleadings, namely, whether defendant operated its trains in approaching said crossing as an ordinarily prudent person would under like circumstances and conditions."

This latter criticism of the instructions was made by the defendants at a time when the writer of their brief was laboring under the impression that this case was tried upon the amended petition. We presume that it was intended to be withdrawn. However, in order to make sure that the criticism is not meritorious, we have examined the second amended petition and find that the instruction is not beyond the issues therein raised.

We now turn our attention to the first criticism of the challenged instruction. This criticism relates to that portion of the instruction which reads: "* * * with due regard to the obstruction consisting of buildings and boxcars. * * *"

It is pointed out by the defendants that there is a sharp conflict in the evidence as to whether boxcars were standing upon the adjacent track at such a place as to obstruct the view of an approaching train. It is said that this conflict in evidence presented an issue of fact and that by the language last above quoted the court alluded to the circumstances as though it were a proven fact.

Unquestionably the expression employed in the instruction was unfortunate and is subject to criticism. In this jurisdiction it is improper for a trial court to comment upon the weight of the evidence in the instructions to the jury or to assume the existence of a controverted fact, and if it appears that a trial court throughout its instructions has assumed the existence of a material controverted fact, thus invading the province of the jury, the error usually requires a reversal. However, an incorrect instruction apparently invading the province of the jury may be cured by other instructions given (C., R. I. & P. R. Co. v. Penix, 61 Okla. 4, 159 P. 1141), and it is the duty of this court in reviewing instructions for the purpose of determining whether or not substantial error has been committed, to consider such instructions as a whole. If the instructions, when so considered, are found to have fairly submitted the issues to the jury, the cause should not be reversed merely because individual instructions standing alone may be subject to criticism.

Grayson v. Brown, 166 Okla. 43, 26 P. (2d) 204; Shawnee National Bank v. D. S. Miser & Son, 171 Okla. 317, 46 P. (2d) 909. Thus an instruction which apparently assumes the existence of a controverted fact is not erroneous when it appears that by other instructions the jury was required to find the existence of a controverted fact from a preponderance of the evidence. Rafferty et al. v. Collins, 160 Okla. 63, 15 P. (2d) 600; C., R. I. & P. Ry. Co. v. Kahl, 168 Okla. 578, 35 P. (2d) 731.

Bearing in mind the foregoing principles of law by which our decision in this case must be guided, we now turn our attention, first, to the particular instruction under discussion, and then to an examination and consideration of the other instructions given by the trial court when this case was tried.

It is to be observed that the alleged objectionable language appears in a portion of the instruction relating to the duty of the **plaintiff** to exercise ordinary care in approaching the railroad crossing "with due regard to the obstruction, consisting of buildings and boxcars." In so far as the instruction would thus seem to place upon the plaintiff a greater degree of care than would be required of him if the cars were not there, the alleged erroneous assumption of fact upon the part of the trial court was beneficial to the defendants, and the defendants cannot complain of the same. However, immediately thereafter, the court, in referring to the care required of the defendants, may be said to have referred back to the alleged assumption of fact by referring to the "conditions of said crossing."

We thus conclude that in fairness to the defendants this instruction must be interpreted as apparently assuming a controverted fact, namely, whether there were boxcars on the tracks of defendant in such a position as to obstruct the view of an approaching train. It is important to observe, however, that the fact apparently assumed by the language used was not in itself an act which the plaintiff claimed constituted negligence. It was merely one of the facts concerning the condition of the crossing at the time of the accident, which, according to the theory of the plaintiff and the theory of the trial court, as stated in the instruction, should have been taken into consideration by those approaching the crossing. Thus the instruction, although subject to criticism, is not nearly as objectionable as it would be if it assumed a fact which was asserted to constitute negligence.

Referring to the other instructions of the court for the purpose of determining whether this apparently assumed fact was likewise assumed in the other portions of the court's charge, we find that the trial court, in reviewing to the jury the issues of fact as framed by the pleadings, alluded to the fact that the plaintiff asserted that the view was obstructed by the boxcars and thereafter called attention of the jury to defendants' denial of the material allegations in plaintiff's petition, and the jury was then advised that the issues of fact which it was empaneled to try were created by the pleadings thus reviewed. The burden of proving by a preponderance of the evidence all of the material allegations contained in plaintiff's petition was by appropriate instructions imposed upon the plaintiff. The jury was properly advised to consider the instructions as a whole. If it followed this advice (and we must assume that it did), we are impelled to conclude that they could not have considered the criticized language appearing in instruction 18 as withdrawing from their consideration the disputed question of fact as to whether there were cars on the track which obstructed the view of an approaching train. On the contrary, the instructions, when considered as a whole, submit this issue of fact for their consideration and determination. Thus, while the criticized instruction apparently assumes a controverted fact, it does not constitute reversible error because other instructions sufficiently required the jury to make a finding upon that fact from the evidence introduced.

In further consideration of the critized portion of the instruction now being reviewed, an examination of the record disclosed that counsel for the defendants did not at the time of the trial apparently appreciate the alleged prejudicial effect thereof which they now assert in this court. At the time the defendants excepted to this instruction the trial court requested that the reasons be stated. The following excerpt from the record discloses the precise nature of the ground of exception then taken:

"The Court: The defendant excepts to instruction No. 18. He will state his reasons into the record. Mr. Barry: The defendant excepts to instruction No. 18 for the reason it is not a correct and proper statement on the law, and unduly emphasizes the allegation of negligence to come within plaintiff's second amended petition and places the burden upon the defendants greater than the law requires."

In pointing out this specific statement of counsel, it is not our purpose to indicate that the exceptions noted on the instruction itself in the manner required by section 360, O. S. 1931, or the grounds as specifically stated by counsel above, are not sufficient to preserve for review in this court the particular objection herein made. But it is important to observe that the apparent assumption of a controverted fact which is now complained of did not then appear to the defendant to be so prejudicial in effect as to require specific mention. Possibly, if counsel for the defendant had then observed and called the attention of the trial court to the unfortunate use of the word "cars" in the instruction herein given, the matter would have been corrected at that time.

In view of the other instructions given in this case and the failure of counsel upon request to specifically call the attention of the trial court to the criticized language appearing in the instruction, we hold that the same did not constitute substantial error.

Under their fourth proposition the defendants in this case criticize instructions Nos. 10 and 11. Instruction No. 10 reads as follows:

"You are further instructed that the statute of this state provides that a bell of at least 30 pounds in weight shall be rung or whistle blown not less than 80 rods from any public crossing, and in this connection you are instructed **that you are the sole judges as to what additional precaution should have been taken,** if any, by the railway company to prevent accidents and collisions on said crossing, **considering the fact that this was a reasonably busy street** through a town of the size the proof shows Holdenville was considering the probability of the continual crossing of people over the defendants' track at this point." (Emphasis ours.)

It is said by the defendants that that portion of the above instruction reading "considering the fact that this was a reasonably busy street" constitutes an invasion of the province of the jury and is a comment upon the weight of the evidence. An examination of the record in connection with this complaint discloses that there was no material dispute or controversy between the parties concerning whether or not Broadway street in the city of Holdenville was a reasonably busy street. Admittedly it was and is one of the principal thoroughfares of that city, although at the particular time this accident occurred it was not congested with traffic. However, there was no material dispute about the condition of the traffic at the time the accident occurred.

As we have previously observed, the trial court has no right to assume in its instruction a controverted fact, but it may rightfully treat as true an uncontroverted fact, that is, one which is admittedly or conclusively shown by the evidence to be true. Bleecker v. Miller, 40 Okla. 374, 138 P. 809; Byers v. Ingraham, 51 Okla. 440, 151 P. 1061; Wichita Falls & N. W. R. Co. v. Woodman, 64 Okla. 326, 168 P. 209. Thus the use of the language above referred to in the instructions of the trial court is not in this case subject to criticism.

Complaint concerning this instruction is also based upon the use therein of the following language:

"That you (referring to the jury) are the sole judges as to what additional precaution should have been taken, if any, by the railway company to prevent accidents and collisions on said crossing."

This language is criticized with a degree of justness upon the theory that "it ignores the limitation of the issues necessarily made by the pleadings and opened the field of recovery to the limitless imagination of each juror." If the instruction stood alone, unmodified and unrestricted by other instructions, the criticism would demand grave consideration. However, an examination of the other instructions concerning the grounds upon which the defendant could be held responsible for the accident involved in this case discloses that the jury was properly advised upon the law of negligence and the degree of care required of the defendants. It was instructed upon the test by which negligence could be determined, and the burden of proving the facts constituting negligence was properly imposed upon the plaintiff in this action.

In view of the other instructions of the court considered in connection with the challenged instruction, we are unable to agree that the field of recovery was opened to the "limitless imagination of each juror."

Instruction No. 11 is also challenged. It reads:

"You are instructed that the statute of this state requires railroad steam engines to ring its bell or blow its whistle at all crossings of its public highway by street or road, but in this connection you are instructed that this is not intended to furnish a standard by which to determine in every case whether or not such company has failed

to discharge its duty in respect to giving sufficient warning to the traveling public of the approach of its trains, but is intended rather to describe the minimum care which a railroad company must observe in all cases."

Admittedly this instruction is correct as a matter of law. See paragraph 3 of the syllabus in M., K. & T. R. Co. v. Stanton, 78 Okla. 167, 189 P. 753; also paragraph 2 of the syllabus in the case of Missouri Pacific R. Co. v. Merritt, 104 Okla. 77, 230 P. 513. Defendants say, however, that this instruction should not have been given in the case at bar for the reason that it is not "germane or applicable to the issues presented." In this connection it is asserted that "It is only necessary to look at the issues formed by the pleadings in this case, which the parties in the introduction of their evidence confined themselves to, to see how prejudicial and dangerous the giving of this instruction was."

Evidently counsel were at the time this statement was made looking at the amended petition instead of the second amended petition, upon which the case was tried. An examination of the second amended petition, as previously reviewed in this opinion, discloses that the challenged instruction was appropriate under the issues in this case. There is no merit in the criticism of this instruction.

An examination of the record in this case discloses that the cause was closely tried in the court below and that the questions of fact as developed by the evidence were submitted to the jury under instructions which, considered as a whole, properly and fairly stated the law. There being no reversible error in the record, the judgment of the district court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.