# CHICAGO, R. I. & P. R. CO. v. WATSON.

No. 22937.   Oct. 13, 1936.

Rehearing Denied Oct. 27, 1936.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for p'aintiff in error.

A. M. Reinwand and John F. Thomas, for defendant in error.

PER CURIAM. The plaintiff in this action contends that the defendant, in constructing its railroad from Lawton to Geronimo, built a bridge across Wolf creek in the years 1902 and 1903; that in constructing said bridge, the defendant excavated what is known as a "borrow pit" from which the defendant obtained dirt to raise the embankment on either side of the river; that this "borrow pit" was excavated upon the defendant's own land; that it was about eight feet deep, and that the closest said "borrow pit" came to the bank of the river was a distance of ten or fifteen feet; that during the course of years, by the erosion of the

bank of the stream, the space between the "borrow pit" and the stream was washed away, and that during certain seasons of the year, when the water in said stream was high, water from the stream was diverted into this "borrow pit," from which it escaped onto plaintiff's land some miles distant, thereby causing damage to his land and to growing crops. The petition of the plaintiff alleges that his damage was caused by the carelessness and negligence of the defendant and by the wrongful and unlawful acts of the defendant in creating the artificial channel, as above described, thereby changing the water's course from its natural channel and discharging the same in such a manner that it overflowed the plaintiff's lands. To the petition of the plaintiff, the defendant filed as its answer a general denial.

A trial was had upon the issues thus formed, and a verdict for $500 rendered in favor of the plaintiff. The defendant thereafter duly filed its motion for a new trial, which motion was by the court denied, and from which ruling the defendant perfects its appeal to this court.

The evidence shows that the "borrow pit" was excavated in the years 1902 and 1903. It is not alleged in plaintiff's petition, nor was any evidence introduced to show, that the pit was dug so close to the channel of Wolf creek that a man of ordinary prudence would have known that it would divert the waters of such creek; nor is there any evidence of any nature whatsoever to show that the excavating of said "borrow pit" was done carelessly or negligently; nor was there any allegation in the petition or any evidence to the effect that the defendant company maintained said "borrow pit" in a careless or negligent manner. The plaintiff's evidence discloses that the land between the "borrow pit" and the bank of the river was washed out, but no one attempts to state what caused the same to wash out, other than that it was the natural erosion of the river bank.

In a companion case to the case at bar, to wit, the case of Chicago, R. I. & P. Ry. Co. v. Pickett, decided by this court on October 2, 1934, and reported in 169 Okla. 123, 36 P. (2d) 284, this court lays down the law to be as follows:

"Where a riparian owner has without proven negligence constructed an improvement and 'borrow pit' upon his own premises, and one which does not interfere with the natural course of a stream, he is not liable for damages to a lower owner caused by the stream some years later breaking its banks and entering such borrow pit and therefrom

escaping onto the lands of another. In such case the existence of the improvements or borrow pit, as in this case, must be said to be rather a condition than the proximate cause of the injury, and the right of a riparian owner to improve his lands, where such improvement does not effect a diversion of the waters of the stream, but only furnishes a condition that incidentally affects the course of such waters many years after the construction of such improvement, cannot be held to subject the riparian owner constructing such improvement to liability for damages for diversion of the waters of the stream."

The plaintiff in this action having wholly failed to produce any evidence of negligence, either in the construction of said "borrow pit" or in the maintenance of same, the trial court should have sustained the defendant's demurrer to the evidence.

Counsel for the defendant in error, in a reply brief, calls the attention of this court to another companion case, decided by this court on June 26, 1934, the same being the case of Chicago, R. I. & P. Ry. Co. v. Kahl, reported in 168 Okla. 578, 35 P. (2d) 731. We have analyzed this decision, but do not believe that it in any wise affects the law as laid down in the case of Chicago, R. I. & P. Ry. Co. v. Pickett. In the Kahl Case, the only question presented was as to whether or not there was sufficient evidence on the question of damages, and this court, in that case, held that where there was sufficient evidence, it was not error for the trial court to overrule a demurrer to the evidence.

The plaintiff in error has assigned several assignments of error for our consideration, but it is not necessary to pass upon these, as our decision on the above assignment of error renders it unnecessary to decide the other questions.

The judge of the district court of Comanche county, in overruling defendant's demurrer to plaintiff's evidence, committed reversible error, as there was clearly no evidence of any negligence, carelessness, or unlawful acts on behalf of the defendant, and for the reasons above stated, the cause is reversed, with instructions to enter judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys M. C. Rodolf, Frank Settle, and George B. Schwabe in the preparation of this opinion. These attorneys constitute an advisory committee selected by the State Bar, appointed by the Judicial Counsel, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rodolf and approved by Mr. Settle and

Mr. Schwabe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.